Per HUFFELDT d/b/a Jackson and Company, Appellant,

v.

COMPETITION DRYWALL, INC., Appellee.

No. A14–87–472–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 31, 1988.

Alene R. Levy, Michael P. Mallia, Houston, for appellant.

Mark A. Flaum, Scott P. Zoppoth, Bernard Wm. Fischman, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

OPINION

MURPHY, Justice.

Per Huffeldt d/b/a Jackson and Company appeals from a default judgment following the trial court's failure to rule on his

motion for new trial. By his first point of error, Huffeldt argues that he produced sufficient evidence to rebut the presumption of proper service of citation in his motion for new trial. We agree and accordingly, reverse and remand.

We review the facts only as they are pertinent to the disposition of this case. Bob Pruitt d/b/a Pruitt Construction Company, the general contractor, subcontracted with Competition DryWall, Inc., the appellee, for a job entailing remodeling of leased space in an office building. When appellee was not paid for the work as agreed, it brought suit against Pruitt and joined Per Huffeldt d/b/a Jackson and Company, the alleged owner of the office building, as a defendant. Appellee filed the suit on December 4, 1986. Per Huffeldt was allegedly served with process on December 12, 1986. The return of citation appears in the record and is regular on its face, reciting that Huffeldt was served in person. However, Per Huffeldt urged in his motion for new trial that on December 12, 1986 he was in Salt Lake City, Utah, and that his secretary Donna Temple was the recipient of the citation delivered by the constable on that day. Huffeldt and his secretary offered proof by affidavits attached to the motion for new trial concerning Per Huffeldt's absence on the day the citation was delivered. Furthermore, a copy of airline tickets for Per Huffeldt showing a round trip to Salt Lake City from Houston, leaving December 6 and returning December 13, 1986, was attached to the motion. Per Huffeldt also attached a copy of the motel bill from Salt Lake City to his motion, indicating once again, his absence from Houston on the day recited in the officer's return of citation.

The record reflects that appellees filed no response to appellant's timely motion for new trial. After the trial court failed to expressly rule on appellant's motion, it was overruled by operation of law. On appeal we address whether it was an abuse of discretion for the trial court to overrule appellant's motion for new trial after appellant rebutted the presumption of proper service.

Initially, we note the requirement that appellant's proof be corroborated in order to overcome the presumption that the officer's return on the citation is correct. *Ward v. Nava,* 488 S.W.2d 736, 738 (Tex. 1972). This requirement was met. Once the presumption is rebutted, the question of lack of service becomes a question of fact which must be determined by the trier of fact. *id.* at 738. The burden is on the movant to establish his case by a preponderance of the evidence. *Ward v. Nava,* 488 S.W.2d at 738; citing: *Sanders v. Harder,* 148 Tex. 593, 227 S.W.2d 206, 209 (1950). In *Sanders* the Court announced that the corroborating evidence necessary to impeach an officer's return of citation does not have to be direct, but may entirely consist of circumstantial evidence. *Sanders v. Harder,* 227 S.W.2d at 209. In this case, appellant rebutted the presumption of proper service of citation by direct, objective proof. Appellant's attack on this issue was not rectified by anything appearing in the record or produced by the appellee. The procedural rules regulating service of process are mandatory and without a showing of strict compliance in the record, a default judgment will not withstand such an attack. *McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965); *Public Storage Properties v. Rankin,* 678 S.W.2d 590 (Tex.App.–Houston [14th Dist.] 1984, no writ). Since this is a direct attack upon a default judgment we indulge no presumptions in support of that judgment. *McKanna v. Edgar,* 388 S.W.2d at 927. We hold that the trial court abused its discretion by overruling appellant's motion for new trial. Accordingly, we reverse and remand the case to the trial court.