**Affirmed and Memorandum Opinion filed October 24, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00722-CV

---

**OLIVIA FLORES, Appellant**

**V.**

**SONIC AUTOMOTIVE OF TEXAS, L.P., D/B/A LONE STAR FORD,
Appellee**

---

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2011-49073**

---

## MEMORANDUM OPINION

Olivia Flores appeals a summary judgment granted in favor of Sonic Automotive of Texas, L.P., d/b/a Lone Star Ford ("Sonic Automotive"). In multiple issues, we must determine whether the trial court erred by granting a bill of review, and whether summary judgment was appropriate on the basis of limitations. We affirm.

## BACKGROUND

On or before August 13, 2007, Flores claims that she slipped and fell while shopping at a Houston-area car dealership. The dealership is owned and operated by Sonic Automotive, which does business under the name "Lone Star Ford." Flores filed an original petition on August 12, 2009, seeking damages for the injuries she allegedly sustained. The sole defendant named in her petition was a defunct corporation, "Lone Star Ford, Inc," which has been dissolved in Texas since 2001. On August 27, 2009, Flores served this defunct corporation through its former registered agent, C.T. Corporation System.

On September 14, 2009, Flores filed a supplemental petition, naming Sonic Automotive as a defendant in the suit. References to Sonic Automotive are varied in this subsequent pleading. In the style of her petition, Flores depicts Lone Star Ford, Inc and Sonic Automotive as separate and distinct legal entities. These entities are also listed as separate defendants in the "Parties and Service" section of her petition, though both are described as having the same registered agent. In the body of her petition, Flores depicts the two entities as a single party, "Defendant Lone Star Ford, Inc., a/k/a Sonic Automotive of Texas, L.P., d/b/a Lone Star Ford." Following the filing of Flores's supplemental petition, the Harris County district clerk issued a new citation describing the defendant using this collective designation. The citation was addressed specifically to "LONE STAR FORD INC (A/K/A SONIC AUTOMOTIVE OF TEXAS L P D/B/A LONE STAR FORD) BY SERVING ITS REGISTERED AGENT C T CORPORATION SYSTEM."

The second citation was delivered to the registered agent on September 29, 2009. That same day, the registered agent notified Flores by letter that it could not effectuate service on Lone Star Ford, Inc. The registered agent explained that it had previously discontinued services to Lone Star Ford, Inc; that the corporation

remained inactive on state records; and that there was no known forwarding address for the corporation. The citation and petition were accordingly returned to Flores. The letter does not mention Sonic Automotive by name, nor does the letter state that process was ever forwarded to Sonic Automotive separately.

On March 24, 2010, the trial court entered a no-answer default judgment against Sonic Automotive. Though named in both the petition and the citation, the defunct Lone Star Ford, Inc was not included in the default judgment.[1]

Sonic Automotive first learned of the default judgment on August 16, 2011, when Flores attempted to seize the company's property with a writ of execution. On August 18, Sonic Automotive filed a petition for bill of review, seeking to set aside the default judgment on due process grounds. Sonic Automotive argued that it had not been served and that judgment was rendered against a party not specifically named in the citation.

The trial court granted summary judgment to Sonic Automotive on its bill of review. With the parties restored to their original positions, Sonic Automotive moved for summary judgment on the underlying slip-and-fall claim, arguing that this claim was barred by the applicable statute of limitations. The trial court granted this motion and ordered that Flores take nothing from Sonic Automotive. From this judgment, Flores appeals.

## BILL OF REVIEW

Flores presents two related complaints in her challenge to the trial court's bill of review. In her first issue, she argues that Sonic Automotive failed to satisfy

---

[1] The default judgment does not appear to be final for this reason. Furthermore, the judgment lacks any language expressly disposing of all claims and all parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Because Sonic Automotive undertook the bill-of-review procedure and prevailed, the interlocutory default judgment was effectively set aside.

its summary judgment burden by proving non-service as a matter of law. In her second issue, she argues that the trial court wrongfully denied her a jury trial because she had already paid her jury fee and there was a question of material fact as to whether Sonic Automotive had actually received service of process.

We review a trial court's summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam); *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). To prevail on a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). The nonmovant has no burden to respond to a traditional motion for summary judgment unless the movant conclusively establishes each element of its cause of action or defense as a matter of law. *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).

A bill of review is an independent action to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam). Normally, the petitioner in a bill of review must prove three elements: (1) that it has a meritorious defense to the underlying cause of action; (2) that it was prevented from making this defense because of an official mistake by a clerk or because of the fraud, accident, or wrongful act of an opponent; and (3) that the judgment was rendered unmixed with any fault or negligence by the petitioner. *Id.* When the petitioner asserts lack of service, however, it is relieved from showing the first two elements. *Id.* at 96–97.

4

The third and final element is conclusively established if the petitioner can prove that it was never served with process. *Id.* at 97.

Personal jurisdiction, a vital component of a valid judgment, is dependent "upon citation issued and served in a manner provided for by law." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). If service is invalid or achieved through an unauthorized procedure, it is of no effect and cannot establish the trial court's jurisdiction over a party. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012); *Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 574 n.1 (Tex. 2006) (per curiam). The procedural rules regulating service of process are mandatory, and without a showing of strict compliance, a default judgment will not withstand a direct attack. Tex. R. Civ. P. 124; *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274 (Tex. 2012).

The rules of procedure require that the citation be directed to the defendant and show the names of the parties. *See* Tex. R. Civ. P. 99(b)(7)–(8). There is some confusion in the record as to whom Flores intended as the defending party (or parties). The supplemental petition is styled in the name of two separate defendants: Lone Star Ford, Inc and Sonic Automotive. But the body of the petition and the citation that issued treats these two entities as one and the same. Similarly, the return of service reflects that the citation was delivered to the collective version of the two entities.

"Strict compliance requires that the name of the party listed in the return of service essentially match the name of the party named in the citation or petition." *N.C. Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 718 (Tex. App.—Austin 2003, pet. denied). If the names do not match on account of even the slightest of deviations, a default judgment will be set aside. *See, e.g.*, *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)

(petition identified the registered agent for service as "Henry Bunting, Jr." but the citation and return reflected service on "Henry Bunting"); *Hendon v. Pugh*, 46 Tex. 211, 212 (1876) (petition identified the defendant as "J.W. Hendon" but return reflected service on "J.N. Hendon"); *Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 508–09 (Tex. App.—Dallas 2010, no pet.) (citation issued to "Rone Engineers, Ltd." but final default judgment was entered against "Rone Engineering Service, Ltd."); *Hercules Concrete Pumping Serv., Inc. v. Bencon Mgmt. & Gen. Contracting Corp.*, 62 S.W.3d 308, 310 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (citation issued to "Hercules Concrete Pumping Service, Inc." but return reflected service on "Hercules Concrete Pumping").

Here, the return reflected service on a defunct corporation, Lone Star Ford, Inc. Although the return identified this defunct corporation as having the same name as Sonic Automotive, the two entities were named separately in the petition and only Sonic Automotive was named in the default judgment. Citing these discrepancies, Sonic Automotive contends that service was defective because its name is not interchangeable with Lone Star Ford, Inc.

Flores counters that she strictly complied with the rules of service because she is permitted to sue an entity in its assumed or common name. *See* Tex. R. Civ. P. 28; *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828–29 (Tex. 1999) ("Under [Rule 28], a plaintiff can bring suit against an individual doing business under the name of an association, partnership, or corporation, even if the association, partnership, or corporation does not exist."). She then argues that Lone Star Ford, Inc is the assumed or common name of Sonic Automotive because the two entities have the same directors and the same registered agent.

Even if we were to assume that Flores strictly complied with the rules of service, the recitals in the sheriff's return create only the presumption that service

6

was actually accomplished. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) ("The return of service . . . has long been considered prima facie evidence of the facts recited therein."); *Perez v. Old W. Capital Co.*, No. 08-12-00037-CV, — S.W.3d —, 2013 WL 4106660, at *5 (Tex. App.—El Paso Aug. 14, 2013, no pet. h.); *Huffeldt v. Competition Drywall, Inc.*, 750 S.W.2d 272, 273 (Tex. App.—Houston [14th Dist.] 1988, no writ). The petitioner in a bill of review can overcome this presumption with corroborated proof of non-service. *See Caldwell*, 154 S.W.3d at 97 n.3; *Ward v. Nava*, 488 S.W.2d 736, 737–38 (Tex. 1972); *Min v. Avila*, 991 S.W.2d 495, 501 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Here, Sonic Automotive conclusively established non-service.

Sonic Automotive attached several exhibits to its motion for summary judgment, including the affidavit of its controller, Shawn Lewis. In this affidavit, Lewis attested that Sonic Automotive never received the citation from its registered agent. Lewis also attested that Sonic Automotive had not received notice of the default judgment from the trial court, and that Sonic Automotive first learned of this default judgment when Flores served Sonic Automotive with a writ of execution.

Sonic Automotive corroborated Lewis's testimony of non-service with another exhibit, the letter from C.T. Corporation System to Flores. In that letter, C.T. Corporation System notified Flores that the party named in the citation, Lone Star Ford, Inc, was inactive on state records. The registered agent revealed that service to this entity had been discontinued, and that there was no known forwarding address on file. The registered agent concluded the letter as follows: "Since we have no address to which to forward this process, we are returning it to you for further disposition."

7

Flores has not disputed that the petition and citation were returned to her with no service having been accomplished. Nor has Flores raised a question of material fact that service was ever attempted again (or accomplished) on Sonic Automotive. Flores has not asserted, for instance, that after receiving the letter from C.T. Corporation System, she requested the issuance of a third citation that named Sonic Automotive directly and omitted the defunct Lone Star Ford, Inc. In her response to the motion for summary judgment, Flores merely continued her argument that Lone Star Ford, Inc and Sonic Automotive were the same entity.

The evidence conclusively established that service of process was never forwarded to Sonic Automotive, the defendant against whom default judgment was entered. The service papers were instead returned to Flores, who took no further action to see that service was effectuated. "It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished." *Primate Constr. Inc.*, 884 S.W.2d at 153 (citing Tex. R. Civ. P. 99(a)). Flores did not do that here. Because proof of non-service is uncontroverted, we conclude that the trial court correctly granted Sonic Automotive summary judgment on its bill of review. Furthermore, because there was no question of material fact as to non-service, the trial court did not err by denying Flores a trial on the bill of review, even though she had already paid her jury fee. *See Caldwell*, 154 S.W.3d at 98 ("The wrongful denial of a jury trial is harmful when the case contains a question of material fact."); *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 667 (Tex. 1996).

## STATUTE OF LIMITATIONS

Flores styles her third issue as an attack on the limitations theory that supported the trial court's final summary judgment. This issue is presented specifically as follows: "Did [Sonic Automotive] meet its burden to be entitled to a

Summary Judgment on the affirmative defense of statute of limitation[s]?" The argument section for this issue does not precisely comport with its style. Instead of addressing the statute of limitations, Flores focuses on an entirely peripheral matter: an assertion by Sonic Automotive that Flores had made a judicial admission in her pleadings.

In its motion for summary judgment, Sonic Automotive asserted that Flores "judicially admit[ted] that the date of the incident was either August 12 or 13 of [2007]." Sonic Automotive then asserted in a footnote that Flores "actually visited the dealership on August 11, 2007, not August 12 or 13." Sonic Automotive argued that this factual dispute was not material to its statute of limitations defense. According to Sonic Automotive, "Plaintiff's claims were still untimely even assuming, without conceding, that Plaintiff was injured on either August 12 or 13."

On appeal, Flores dedicates her third issue to arguing that she did not make a judicial admission in her pleadings. A judicial admission is a formal waiver of proof usually found in the pleadings or in the stipulations of the parties. *See Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). A judicial admission, if established, is conclusive upon the party making it, and it relieves the opposing party's burden of proving the admitted fact. *Id.* A necessary component of a judicial admission is a "deliberate, clear, and unequivocal" statement of fact. *See id.*; *Seminole Pipeline Co. v. Broad Leaf Partners, Inc.*, 979 S.W.2d 730, 740 (Tex. App.—Houston [14th Dist.] 1998, no pet.). Flores argues that this requirement is missing from her pleadings because she alleged that her injury occurred on one of two possible dates, both of which were disputed by Sonic Automotive. Even if this were true, Flores's argument is not dispositive.

Sonic Automotive assumed for the purposes of argument that Flores's cause of action accrued no later than August 13, 2007. With this date as the starting point, Sonic Automotive argued that Flores's suit was barred by limitations. Flores has not argued on appeal that her cause of action accrued on a date later than August 13, 2007. Nor has she specifically challenged the limitations theory asserted by Sonic Automotive or raised a fact issue to preclude summary judgment on this basis. Accordingly, Flores has not made any argument that can defeat the trial court's final summary judgment.

## CONCLUSION

We overrule Flores's three issues and affirm the judgment of the trial court.


/s/    John Donovan
       Justice

Panel consists of Chief Justice Frost and Justices Busby and Donovan.