# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00341-CV

**James Richardson, Appellant**

**v.**

**Maria Torres, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-13-009448, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Maria Torres, individually and as next friend of three minor children, sued James Richardson for damages arising out of personal injuries resulting from an automobile accident. After the trial court rendered a default judgment in Torres's favor, Richardson filed a motion to set aside the default judgment and for new trial, which the trial court denied. Richardson appeals, contending in two issues that there were legal and equitable grounds for setting aside the default judgment, and that the trial court abused its discretion by denying his motion. We will affirm.

### BACKGROUND

On October 14, 2013, Torres filed suit against Richardson alleging that Richardson's negligence in operating his vehicle caused a collision between his vehicle and the vehicle in which Torres and several minor children were passengers, resulting in personal injury to each of them. Torres secured a default judgment against Richardson in the amount of $132,779.46 on February 28,

2014. On March 13, 2014, Richardson, through his attorney, W. James Nabholz, III, filed a motion to set aside the default judgment and requested a new trial. Attached to the motion was Nabholz's affidavit, in which he averred that, since suit was filed, he had monitored the trial court's electronic docket system. Through this activity he learned that a citation addressed to "James Richardson, 4325 Cole [sic] Avenue, Fort Worth, Texas 76109"[1] was issued on October 14, 2013. Nabholz further averred that, as of November 5, 2013, there was no return of service on file with the trial court. Nabholz stated that he had checked the electronic docket system weekly from November 5, 2013 through March 3, 2014, at which time he noticed for the first time that a private process server's affidavit of service had been filed on February 13, 2014. The affidavit of service stated that Richardson had been served on December 9, 2014, at 4325 Clay Avenue in Fort Worth. Nabholz averred that he had called or emailed Richardson "approximately every two to three weeks" during the November through March time period, and that "at no time did [he] ever receive any information which indicated that Richardson had been served in this case." Nabholz's affidavit also stated that on or about February 24, 2014, he called Richardson "to again confirm he has not received service." Richardson did not submit his own affidavit or sworn declaration in support of the motion to set aside the default judgment.[2]

---

[1] The citation was in fact addressed to James Richardson at 4325 Clay Avenue in Fort Worth, the address Richardson provided to the officer who investigated the accident.

[2] Richardson did submit his own affidavit in support of a motion to reconsider the order denying the motion to set aside the default judgment. This filing did not qualify as an amended motion for new trial because it was filed after the trial court denied the original motion and more than thirty days after the judgment was signed. *See* Tex. R. Civ. P. 329b(b). Moreover, the motion to reconsider was not set for a hearing until after the trial court lost plenary power over the cause.

After a hearing, the trial court denied the motion to set aside the default judgment. Richardson then perfected this appeal, contending that the trial court abused its discretion by denying the motion in the face of "clear and unequivocal" evidence that he was not served with process. In the alternative, Richardson asserted that a new trial should have been granted based on the *Craddock* test. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939) (establishing three-element test for when no-answer default judgment should be set aside); *see also Bank One, Tex., N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992) (trial court abuses its discretion by not granting new trial when all three elements of *Craddock* test are met).

## DISCUSSION

### Service on Richardson

A judgment cannot be rendered against a defendant unless he has been properly served, accepted or waived service of process, or made an appearance. Tex. R. Civ. P. 124. When a default judgment is attacked by motion for new trial, the parties may introduce affidavits, testimony, and exhibits to explain what happened and why the defendant failed to appear. *See Fidelity and Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573-74 (Tex. 2006) (discussing the difference between restricted appeal, which is brought directly in appellate court where record is limited, and motion for new trial, which is filed in trial court where record can be developed). If the answer to this question is that the defendant was not served, the default judgment generally must be set aside. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) ("Failure to give notice violates the most rudimentary demands of due process of law."); *Caldwell v. Barnes*, 154 S.W.3d 93, 96-97

3

(Tex. 2004). The recitals in a process server's return create a presumption that service was performed. *Huffeldt v. Competition Drywall, Inc.*, 750 S.W.2d 272, 273 (Tex. App.—Houston [14th Dist.] 1988, no writ); *see also Min v. Avila*, 991 S.W.2d 495, 500-01 (Tex.App.—Houston [1st Dist] 1999, no pet.) (return constitutes prima facie evidence of successful service). The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party. *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972). In the present case, the process server filed an affidavit of service with the district court. Richardson's attorney argued in his motion for new trial that there was error in the citation served because it was addressed to "James Richardson" when his client's name is "James Richardson, Jr." But the record shows that "James Richardson" is the name Richardson provided to the officer investigating the accident and it is also the name of the defendant in Torres's petition. The trial court did not err in finding that there was no error in the citation. Richardson does not identify any other errors in the citation or the return, and we find none. Accordingly, the return created a presumption that service was successful. *See Min*, 991 S.W.2d at 500-01; *Huffeldt*, 750 S.W.2d at 273.

The presumption of service can be rebutted with evidence in a motion for new trial. *See Fidelity & Guar. Ins. Co.*, 186 S.W.3d at 573-74 (parties may introduce evidence to show lack of actual service in motion for new trial or bill of review); *Huffeldt*, 750 S.W.2d at 273 (presumption of service can be rebutted). "[T]he question of lack of service is purely a question of fact which must be determined by the trier of the facts." *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972). The party claiming ineffective service bears the burden of proof by a preponderance of the evidence. *Id.* Critical to the analysis is the principle that "the jurisdictional power of the court derives from the

*fact* of service and not the return itself." *Min*, 991 S.W.2d at 501. Accordingly, if the record establishes that the plaintiff was not served, the judgment is void. *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012) (judgment void when record "exposes such personal jurisdictional deficiencies as to violate due process" and complete failure of service violates due process).

Richardson argues on appeal that he presented the trial court with evidence rebutting the presumption that he was served with citation. Specifically, he points to the Nabholz affidavit as evidence that (1) Richardson had not resided at 4325 Clay Avenue, his parents' house, for at least six months prior to December 9, 2013, (2) Richardson was not at the Clay Avenue address at the date and time recited in the process server's return, (3) Nabholz was in regular contact with Richardson to see if he had been served, and (4) Richardson had not been served. As an initial matter, the statements in the Nabholz affidavit regarding Richardson's place of residence and whereabouts at the date and time of service are hearsay, counsel for Torres objected to Richardson's affidavit on that ground, and the trial court indicated on the record that he sustained the objection and did not consider them. Moreover, although it comes close, Nabholz's affidavit falls short of actually stating that Richardson told him he was never served with citation. Instead, the affidavit states only that Nabholz (1) checked the court's electronic docket system regularly but did not learn that a return of service was on file until February 24, eleven days after the return was filed, and (2) called Richardson "to confirm he ha[d] not received service." Richardson did not provide his own affidavit or sworn declaration to support the contention that he was not served, nor did he appear at the motion for new trial to testify to that effect. We cannot agree that there was evidence before the trial court to rebut the presumption of service arising from the process server's return. Richardson failed to

5

meet his burden of proving lack of service by a preponderance of the evidence. We overrule Richardson's first issue.[3]

### *Application of Craddock Test*

When a defendant who has been served fails to appear, a default judgment must be set aside if the defendant proves the three elements of the *Craddock* test. *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012). The elements of the *Craddock* test are: (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *Craddock*, 133 S.W.2d at 126. Because it is dispositive, we will address only whether Richardson met the first element of the *Craddock* test; i.e., whether he proved that his failure to appear was not intentional or the result of conscious indifference. *See Craddock*, 133 S.W.2d at 126.

---

[3] A considerable portion of Nabholz's affidavit is devoted to explaining that he and counsel for Torres were communicating on a regular basis regarding settlements with non-parties who also claimed to have been injured in the accident forming the basis of this suit. On appeal, Nabholz contends that the trial court should have reversed the default judgment because it was taken when counsel for Torres knew that Richardson was represented by counsel. *See* Texas Lawyer's Creed—A Mandate for Professionalism § III (11) (adopted November 7, 1989) ("I will not take advantage, by causing any default or dismissal to be rendered, when I know the identity of an opposing counsel, without first inquiring about that counsel's intention to proceed."). However, because Richardson did not file an answer or otherwise appear, Torres was not required to give him notice of the motion for default judgment. *See Brooks v. Associates Fin. Servs. Corp.*, 892 S.W.2d 91, 94 (Tex. App.—Houston [14th Dist.] 1994, no writ) (after defendant is served with citation and petition, plaintiff has no legal duty to notify defendant before taking default judgment). Whatever significance the Texas Lawyer's Creed might have for disciplinary purposes, it "is not a proper vehicle for the legal enforcement of a party's desire to receive notice regarding the taking of a default judgment." *Continental Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 190 (Tex. App.—Dallas 2000, pet. denied).

A defendant satisfies his burden as to the first *Craddock* element when his factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff. *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam). Consciously indifferent conduct occurs when "the defendant knew it was sued but did not care." *Fidelity & Guar. Ins. Co.*, 186 S.W.3d at 576. Generally, "some excuse, although not necessarily a good one, will suffice to show that a defendant's failure to file an answer was not because the defendant did not care." *In re R.R.*, 209 S.W.3d at 115. When applying the *Craddock* test, the trial court looks to the knowledge and acts of the defendant as contained in the record before the court. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992). Here, however, Richardson offered no excuse for his failure to appear. Although Richardson's attorney explained in his affidavit that he had been monitoring the trial court's electronic docket sheet and inquiring as to whether Richardson had been served, this evidence does not negate intentional or consciously indifferent conduct *by the defendant* as is required to satisfy the *Craddock* test's first element. *See id.* The record before the trial court at the time it heard and ruled on the motion for new trial is silent with regard to Richardson's reason for failing to appear or failing to inform his attorney that he had been served. The trial court did not abuse its discretion in denying Richardson's request to set aside the default judgment based on the *Craddock* test. We overrule the second issue.

## CONCLUSION

Having overruled Richardson's two issue on appeal, we affirm the trial court's judgment.

7

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   August 25, 2015