Meseret AYELE d/b/a Mae Solutions,
LLC, Appellant

v.

JANI–KING OF HOUSTON,
INC., Appellee

NO. 01–16–00007–CV

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued February 28, 2017

Kurt G. Clarke, Houston, TX, for Appellant.

Jonathan M. Hyman, Meagan W. Glover, Gray Reed & McGraw, P.C., Houston, TX, for Appellee.

Panel consists of Justices Keyes, Bland, and Lloyd.

## OPINION

Jane Bland, Justice

This is an appeal from a post-answer default summary judgment, granted after the trial court reset the submission date for consideration of the motion for summary judgment, but neither it nor the moving party sent notice of the new submission date. The non-movant moved for a new trial, submitting an affidavit that its failure to respond to the motion for summary judgment before the submission date was not the result of conscious indifference. The trial court denied the motion. On appeal, the non-movant contends that the trial court erred in denying its motion for new trial. We reverse and remand.

## BACKGROUND

In October 2011, MAE Solutions, LLC and Jani–King of Houston, Inc. entered into a commercial cleaning franchise agreement, giving MAE the right to operate a Jani–King franchise. After nearly four years of poor business performance, MAE sued Jani–King for breach of contract, fraud, and negligent misrepresentation, among other grounds.

Jani–King responded to the petition with a plea to the jurisdiction, asserting that MAE lacked standing. It set its jurisdictional plea for a hearing in early June 2015. Shortly before the hearing date, MAE amended its pleading to cure the standing problem. The hearing went forward, and the trial court denied the plea. On June 5th, Jani–King moved for an extension of time to file its answer. On June 17th, the trial court granted a 30-day extension, and Jani–King filed its answer on July 17th.

On August 17th, Jani–King moved for summary judgment pursuant to Texas Rule of Civil Procedure 166a(c), and set the motion on the trial court's submission docket for September 7th.

Three days after Jani–King filed its summary-judgment motion, MAE moved for a continuance of the summary judgment proceedings. MAE urged two grounds for its request. First, by way of informing the court that the parties were in the early stages of discovery, MAE pointed to the recently resolved jurisdictional plea, noting that it had propounded written discovery and intended to engage in further discovery. MAE asked for 120 additional days to allow for completion of discovery, a length of time that roughly corresponded to the amount of time remaining in the discovery period set forth in the trial court's docket control order. Second, MAE pointed out that its counsel, a solo practitioner, had designated the weeks of August 24th through August 28th and September 7th through September 11th in a vacation letter on file with the district clerk, as allowed by the Harris County local rules. MAE attached a copy

of the clerk's office's record of counsel's vacation letter to the motion.[1]

On September 10th, the trial court signed an order, in which it granted a continuance. In the order, the court interlineated a new setting for the summary-judgment motion, placing it on the court's submission docket 24 days later, on October 5th. After the submission date passed without a response from MAE, the trial court granted summary judgment on October 13th.

On November 2nd, MAE's counsel received a post card from the clerk's office informing him that the trial court had granted summary judgment. After receipt of the post card, MAE moved to vacate the judgment and for new trial. In the verified motion, MAE's counsel explained that he did not receive notice of the trial court's reset of the motion for summary judgment for October 5th, and that after he received the November 2nd post card, he had his legal assistant check the district clerk's website and discovered for the first time that the motion had been set for submission on October 5th. MAE declared that its failure to respond to the motion for summary judgment was not intentional or due to conscious indifference but was due to an accident or mistake, that being a lack of notice of the submission date.

The trial court denied MAE's motion for new trial and its subsequent motion for reconsideration.

## DISCUSSION

### A. Standard of Review

 The abuse-of-discretion standard applies to review both the denial of a motion for new trial and the denial of a discovery continuance. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam)

(review of motion for new trial); *McInnis v. Mallia*, 261 S.W.3d 197, 201 (Tex. App.–Houston [14th Dist.] 2008, no pet.) (citing *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 467 (Tex. App.–Houston [14th Dist.] 2005, pet. denied). A trial court abuses its discretion when it fails to correctly analyze or apply the law. *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004).

### B. Analysis

 MAE contends that the trial court abused its discretion in denying its motion for new trial because it satisfied its burden under *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). In *Craddock*, the Texas Supreme Court held that a trial court should set aside a default judgment if the nonmovant establishes that (1) its failure to respond resulted from an accident or mistake and not from conscious indifference or an intentional act; (2) the motion for new trial alleges a meritorious defense; and (3) granting the motion will not cause undue delay or otherwise injure the plaintiff. *Id.* at 126. If the defaulting party establishes that it did not receive notice of the default judgment hearing, then it need not establish proof of a meritorious defense. *Aduli v. Aduli*, 368 S.W.3d 805, 819 (Tex. App.–Houston [14th Dist.] 2012, no pet.) (explaining that defaulting party must establish absence of intent or conscious indifference in failing to appear at trial by proof that he was not given notice of default judgment hearing; "if that element is established, he is not required to set up a meritorious defense").

The Texas Supreme Court has held that *Craddock* does not apply if a party opposing summary judgment had notice of the hearing and an opportunity to obtain leave to file a late response before the hearing

---

1. The interim week held the Labor Day holiday.

date. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 683 (Tex. 2002); *see Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 927 (Tex. 2009) (per curiam). Under those circumstances, the Court reasoned, the rules of civil procedure provide the defaulting party a remedy. *Carpenter*, 98 S.W.3d at 686.

MAE, however, did not receive notice of the new submission date. The trial court's docket does not reflect that it sent a notice of the newly ordered date to counsel, nor does Jani–King contend that it sent notice of the submission date. In similar circumstances, the Court has distinguished *Carpenter* and applied the *Craddock* test. *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (applying *Craddock* where "nothing in this record suggests that before summary judgment was granted, [the non-movant] realized that her responses were late … or that she needed to file a response to the summary judgment").

MAE had notice of the first summary judgment submission date, but, in light of counsel's vacation letter, the trial court granted an extension of that date. MAE's response to Jani–King's summary-judgment motion thus was due not later than seven days before the reset submission date. *See* Tex. R. App. P. 166a(c). According to MAE's evidence, however, it did not receive notice of the changed submission date, which means it did not know when its response to Jani–King's motion was due. MAE did not learn of the submission date in time to request leave to file a late response, like the nonmovant in *Carpenter*; it found out the submission date only after the trial court granted summary judgment.

MAE provided adequate evidence demonstrating its failure to receive notice of the new summary-judgment submission date. MAE's motion, verified and supplemented by counsel's affidavit, shows that MAE's counsel, a sole practitioner, learned of the submission date when he had his legal assistant check the court's website after he received the district clerk's notice that summary judgment had been entered. Nothing in the record shows that either the clerk or opposing counsel sent timely notice of the new submission date to MAE's counsel. We hold that the undisputed, verified facts are specific enough to affirmatively prove MAE's lack of notice.

Jani–King responds that MAE's inaction amounts to conscious indifference, because a reasonable person under similar circumstances would have checked on the status of the continuance, either by obtaining a copy of the signed order or calling the trial court coordinator. The affirmative duties Jani–King would have us impose on MAE, however, do not comport with the standard for conscious indifference.

▅▅▅ "[C]onscious indifference means more than mere negligence." *Smith v. Babcock Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *accord Dodd v. Savino*, 426 S.W.3d 275, 288 (Tex. App.–Houston [14th Dist.] 2014, no pet.). For purposes of conscious indifference, the absence of an intentional failure to respond rather than a real excuse for not responding is the controlling fact. *Milestone Operating v. Exxonmobil Corp.*, 388 S.W.3d 307, 309–10 (Tex. 2012) (citing *Craddock*, 133 S.W.2d at 125). A defendant meets this burden by providing an excuse that is not controverted and, if true, negates intentional or consciously indifferent conduct on its part. *Milestone*, 388 S.W.3d at 310 (citing *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012)); *see also Aduli*, 368 S.W.3d at 819 (explaining that defaulting party can establish absence of intent or conscious indifference in failing to appear at trial by proof that he was not given notice of default judgment hearing). "An excuse need not be a good one to suffice." *Fid. & Guar. Ins. Co. v. Drewery Constr.*

Co., 186 S.W.3d 571, 576 (Tex. 2006), *quoted in Milestone*, 388 S.W.3d at 310; *see, e.g., Sutherland*, 376 S.W.3d at 755–56 (concluding that inclement weather conditions, which led to misplacing citation, along with time spent out of office for holidays and defendants' forgetfulness, combined to create "some excuse, although not necessarily a good one" and demonstrated that failure to answer was not intentional or result of conscious indifference); *Olin Corp. v. Coastal Water Auth.*, 849 S.W.2d 852, 858 (Tex. App.-Houston [1st Dist.] 1993, no writ) (concluding that failure of inexperienced attorney assigned to prepare and file motion for preferential trial setting to notify court clerk of original trial date and to include proposed order with motion did not excuse party from nonappearance on original trial date, but did "tend to show [party] was not consciously disregarding the rules of the court").[2] We hold that MAE satisfied its burden to proffer an uncontroverted excuse that negates intentional or consciously indifferent conduct on its part. *See Sutherland*, 376 S.W.3d at 755–56; *Olin*, 849 S.W.2d at 858.

■ A trial court may not grant a traditional summary judgment by default; even when no response is on file, the movant must bear its burden to conclusively prove all of the elements of its cause of action or defense as a matter of law. *Wheeler*, 157 S.W.3d at 442 (citing *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999)). Here, the trial court's order contains interlineated language declaring that, "having considered the Motion, and seeing no response even though a continuance was granted, [the court] finds the Motion is meritorious and should be granted." The undisputed evidence shows that MAE failed to receive notice of the reset submission date and did not discover the problem until after the trial court granted summary judgment, and affirmatively shows that the lack of notice resulted only from accident or mistake and not conscious indifference. Given this record, we hold that the trial court erred in denying MAE's motion for new trial.

## CONCLUSION

We reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

Justice Lloyd, dissenting.

Russell Lloyd, Justice, Dissenting

Our review of this decision is based on an evaluation of whether or not the trial court abused its discretion in denying the motion for new trial. The standard enunciated by *Carpenter* is very similar to that set out by *Craddock. Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682 (Tex. 2002); *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). *Carpenter* holds that, in cases where the appellant had notice of the hearing, as appellant did of the first hearing for which he obtained a motion for continuance, the motion for leave to file a late summary judgment response should be granted

---

2. Jani-King claims that MAE did not provide sufficient specificity in describing the circumstances surrounding its non-receipt of the reset submission date, but the cases that it relies on are factually inapposite. In *Freeman v. Pevehouse*, 79 S.W.3d 637 (Tex. App.-Waco 2002, no pet.), there was conflicting evidence concerning whether the party received the suit. *Id.* at 644–45. In *BancTEXAS McKinney, N.A. v. Desalination Systems, Inc.*, 847 S.W.2d 301 (Tex. App.-Dallas 1992, no pet. h.), the party claimed to have lost or misplaced the citation. *Id.* at 302. Both of these situations necessarily require more explanation than a situation like the one here, where a sole practitioner claims non-receipt.

... when a litigant establishes good cause for failing to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment.

*Carpenter*, 98 S.W.3d at 688. But appellant claims he did not have notice of the second hearing. However, the *Carpenter* standard is essentially the *Craddock* standard minus the meritorious defense requirement. In other words, the first prong in both standards is the same. *Id.* at 689 (Hecht, C.J., concurring). If the trial court did not abuse its discretion in denying the motion for new trial under the standards of either *Craddock* or *Carpenter*, the court's decision must be upheld.

The record shows that the trial court signed an order granting appellant's continuance request and included the new submission date on the order. The record contains no evidence showing whether the clerk's office mailed the order or provided notice of the submission date to the parties or what efforts appellant made to ascertain the result of his motion for continuance.

Appellant argues he was deprived of due process because he did not receive notice of the continuance or the second submission date until after the judgment was granted. A conclusory statement that the documents were never received must still be supported by an explanation from the person who should have seen them. *See Fidelity and Guar. Ins. Co. v. Drewery Const. Co.*, 186 S.W.3d 571, 575–76 (Tex. 2006) (per curiam); *Interconex, Inc. v. Ugarov*, 224 S.W.3d 523, 538–39 (Tex. App.–Houston [1st Dist.] 2007, no pet.). In addition, the trial court could have considered the knowledge and acts of the defaulting party as contained in the court record. *Holt Atherton Indus., Inc. v.*

*Heine*, 835 S.W.2d 80, 82 (Tex. 1992). Appellant's conclusory statement that he did not receive notice is insufficient under *Craddock*.

According to the record, appellant's response to the summary-judgment motion was due seven days prior to the original submission date of September 7. *See* Tex. R. Civ. P. 166a(c). Appellant requested a continuance on August 21, which was eventually granted on September 10, after his response was due. Appellant took no further action on the motion until November 2, when he received the post card informing him that the trial court granted the summary-judgment motion. Appellant counsel's affidavit does not explain why, after submitting the motion for continuance, he did not monitor the status of his motion which, if granted, would have moved the September 7th hearing date. While the excuse "need not be a good one," there was no evidence brought forth to find an abuse of discretion in the court's implied finding that the non-answer was not the result of accident or mistake or was the result of conscious indifference. *Fidelity*, 186 S.W.3d at 576.

For this reason, I am compelled to respectfully dissent to the other holding of the majority in this case.