**Reversed and Remanded and Memorandum Opinion filed July 27, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00717-CV

**BILLY ANYANWU, Appellant**

**V.**

**AMERICAN EXPRESS NATIONAL BANK, Appellee**

**On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Cause No. 19-DCV-259673**

## MEMORANDUM OPINION

Appellee American Express National Bank ("American Express") filed suit against pro se appellant Billy Anyanwu[1] ("Anyanwu") for breach of written contract. Default judgment was entered in favor of American Express after Anyanwu failed to answer. Anyanwu filed a motion to set aside the default judgment, which the trial court denied. In a single issue, Anyanwu argues that the

---

[1] We note that Anyanwu also proceeded pro se at the trial court.

trial court erred by denying his motion for new trial. We reverse and remand.

## I. BACKGROUND[2]

Anyanwu entered into a credit account agreement with American Express. Under the agreement, American Express rendered credit services to Anyanwu, and Anyanwu agreed to pay American Express the amounts of such services, plus additional charges and interest, when applicable.

On February 14, 2019, American Express filed suit against Anyanwu for breach of written contract, alleging that Anyanwu failed to pay off the balance of credit services rendered under the agreement, totaling $13,135.54. According to the return of service filed by Rayvonnia Thompson ("Thompson"), she delivered the citation to Anyanwu at 10:20 a.m. on February 27, 2019. In the additional comments section, Thompson further declared, "License Plate: GCV6354 Wearing blue shirt, blue jeans."

Anyanwu failed to answer. On May 8, 2019, the Court signed a default judgment in favor of American Express. On August 1, 2019, Anyanwu filed a motion to set aside the default judgment. In his motion, he checked box 5a, labeled "lack of Notice," and checked the box under 5a to indicate that, "I did not file an answer because I was not properly served with citation." In the blank space provided, Anyanwu explained that:

> (1) I was not aware of the pendency of any citation against me as case number 19-DCV-259673. (2) I was never served with any citation personally. (3) I was outside the united states [sic] on the date that the alleged purported service was served. (4) I came back to the U.S. sometime in July-11-2018 and left on August-13-2018 via AirFrance. (5) I was outside the U.S. from August-13-2018 to July-09-2019. A period of about 10 months. (6) I was not in the country on February-

---

[2] Because the parties are familiar with the facts of the case and the evidence adduced at trial, we set forth the facts of the case necessary to advise the parties of the court's decision and the basic reasons for it in light of the issues raised. *See* Tex. R. App. P. 47.4.

27-2019 at 10:20 a.m. (7) My international passport and the arrival stamps of the U.S. border control and the destination border control can prove same, hence this action. (8) An unsigned copy of the default judgment was mailed to me via Neopost stamp dated 05-03-2019, whereas the default judgment was signed and entered by the presiding judge on May-08-2019, same was delivered in my address [sic] and in my absence 3 days before the judgment was signed by the presiding judge.

Line 5b(1) in his motion stated: "I have a meritorious (good) defense to this case: (*State specific facts*)"; however, Anyanwu left this section blank. Anyanwu also filed an affidavit in support of his motion, which generally averred the same facts as alleged in his motion.

On August 19, 2019, a hearing was held on Anyanwu's motion. American Express did not attend the hearing. The following exchange occurred:

[Anyanwu]: So when I came back, I was confronted with a default judgment, so I want the Court to set it aside. I've served the copy of the hearing on the counsel of American Express, and it was received by one Huzma Salim who is a counsel of American Express.

[Trial Court]: Okay. And I have on the Court's file that service for you was granted on the case on—Hold on. Where is the affidavit? Okay. That on February 20th, 2019, at 8:30, she delivered to Billy Anyanwu at 1951 Lauren Place, Missouri City, that she served you on that date, sir. That's what I have in the Court's file.

[Anyanwu]: I was not served. I was not in the country then.

[Trial Court]: Okay. Well, without you bringing her here testifying differently, sir, I can't grant your motion because she swore to this, that she served you, that someone –

3

[Anyanwu]:        That was when?

[Trial Court]:    On February 27th at 10:20, and she personally --

[Anyanwu]:        It's already on my affidavit, ma'am.

[Trial Court]:    Yeah, I have proper citation, sir. I have no reason to undo what was done. You had plenty of time to answer to the lawsuit. You were served according to the process sever on February 27th at 10:20 a.m.

[Anyanwu]:        On February 20th, I was not in this country. I have my passport. I was outside the country. I was not here. That's what is in my affidavit. I was not in this country. I was out for about ten months.

[Trial Court]:    Well, you're going to have to get—show that—Ms. Thompson, the process sever, she said you were in a car, License Plate GCV6354, wearing blue jeans and a T-shirt.

[Anyanwu]:        That is not even my license plate.

[Trial Court]:    You know them by heart?

[Anyanwu]:        Yeah, and I was not in the country. I was not here. Every documentation is already in the affidavit.

[Trial Court]:    Let me—

. . .

[Trial Court]:    These say "July." It says you were out of the country in July. You were served in February.

[Anyanwu]:        Yeah, I wasn't here. I wasn't here. This is the original of my passport. I have all the stamps on my passport by, you know, the border control, everything. I wasn't here.

4

[Trial Court]:    Okay. Well, I'm going to deny your motion. If you want to appeal it, you're free to appeal; but at this time, I'm going to deny it. Thank you.

Anyanwu filed a timely notice of appeal on September 18, 2019.

## II. ANALYSIS

In a single issue, Anyanwu argues the trial court erred when it denied his motion to set aside the default judgment.[3]

### A.    STANDARD OF REVIEW & APPLICABLE LAW

We review a trial court's denial of a motion for new trial for abuse of discretion. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam); *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994). A trial court abuses its discretion if "it renders an arbitrary and unreasonable decision lacking support in the facts or circumstances of the case." *Samlowski v. Wooten*, 332 S.W.3d 404, 411 (Tex. 2011).

---

[3] Anyanwu cites only section 18.001(a), (d), (e), and (f) of the Civil Practice and Remedies Code in support of his appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 18.001. However, section 18.001 "governs proving expenses by affidavit," not service of process or setting aside a default judgment. *See id.*; *Gunn v. McCoy*, 554 S.W.3d 645, 672 (Tex. 2018); *City of El Paso v. Public Util. Comm'n*, 916 S.W.2d 515, 524 (Tex. App.—Austin 1995, writ dism'd). Nevertheless, out of an abundance of caution and in our sole discretion, we choose to address his complaint. *See Reule v. M & T Mortgage*, 483 S.W.3d 600, 608 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("We nonetheless construe Reule's brief liberally to reach her appellate issues on the merits, where possible."); *but see* Tex. R. App. P. 38.1(i) (providing that an appellant's brief is required to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Flores v. United Freedom Assocs., Inc.*, 314 S.W.3d 113, 115 (Tex. App.—El Paso 2010, no pet.) (noting that if pro se appellants are not subject to the applicable procedural rules, then pro se litigants would be afforded an unfair advantage over those represented by counsel); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (same).

Also, we note that American Express has not argued that Anyanwu's briefing was inadequate or that his arguments were indiscernible. While not perfect, Anyanwu cites case law in his reply brief for the proposition that he rebutted the presumption of timely service. Anyanwu succinctly alleges that he offered "unchallenged, uncontroverted, and unrebutted" evidence that he was not properly served. Based on the foregoing, he made the clearly discernible argument that "the trial court did not effectively play it's [sic] role as a fact finder based on the evidence placed before her and the requirement of law."

To set aside a default judgment, the movant generally must demonstrate that: (1) the failure to answer or appear was not intentional or the result of conscious indifference, but was due to accident or mistake; (2) the defendant has a meritorious defense; and (3) a new trial would cause no undue delay or injury to the nonmovant. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009); *Craddock v. Sunshine Bus Lines, Inc.,* 133 S.W.2d 124, 126 (Tex. 1939). However, "[i]n order for a no-answer default judgment to stand, due process requires that the defendant must have been formally served with process." *Novosad v. Cunningham*, 38 S.W.3d 767, 772 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (citing *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 86–87 (1988)). If a movant establishes that he had no actual or constructive notice of the trial setting, then the movant is no longer required to establish that he had a meritorious defense. *See Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988) (per curiam) (citing *Peralta,* 485 U.S. at 80); *see also Ayele v. Jani-King of Hous., Inc.*, 516 S.W.3d 630, 632 (Tex. App.—Houston [1st Dist.] 2017, no pet.) ("If the defaulting party establishes that it did not receive notice of the default judgment hearing, then it need not establish proof of a meritorious defense."); *Felt v. Comerica Bank*, 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (concluding that when a default judgment is rendered against "a defendant who had no notice of the trial setting, the defendant is not required to address the second *Craddock* factor"); *Limestone Const., Inc. v. Summit Com. Indus. Props., Inc.*, 143 S.W.3d 538, 543–44 (Tex. App.—Austin 2004, no pet.) ("In the context of non-summary no-answer or post-answer default judgments, our court has regarded lack of notice, if established, as a substitute for the first *Craddock* element. Once a party establishes such lack of notice, moreover, due process requires that it prevail without need to prove the other *Craddock* elements.") (internal citations omitted).

We begin with a presumption that the defendant received proper notice. *See*

6

*Felt*, 401 S.W.3d at 806. To overcome this presumption, the defendant must affirmatively show a lack of notice. *See id.* "This burden may not be discharged by mere allegations, unsupported by affidavits or other competent evidence, that the appellant did not receive proper notice." *Id.* (quoting *Campsey v. Campsey*, 111 S.W.3d 767, 772 (Tex. App.—Fort Worth 2003, no pet.)); *see Limestone Const., Inc.*, 143 S.W.3d at 544 ("But bare allegations of lack of notice do not suffice; instead, the nonmovant must offer evidence, either in the form of an affidavit or live testimony.") (citing *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 82 (Tex. 1992)). However, rebuttal of the presumption of service does not conclusively establish lack of service. *See In re Estate of Check*, 438 S.W.3d 829, 835 (Tex. App.—San Antonio 2014, no pet.); *see also Lewis v. Hous. Auth. of Austin*, No. 03-15-00800-CV, 2016 WL 7187481, at \*4 (Tex. App.—Austin Dec. 7, 2016, no pet.) (mem. op.). When a movant rebuts the presumption of service, the trial court is left with an issue of fact to resolve. *See Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see also Kelly v. Brenham Floral Co.*, No. 01-12-01000-CV, 2014 WL 4219448, at \*3 (Tex. App.—Houston [1st Dist.] Aug. 26, 2014, no pet.) (mem. op.). "The test of the evidence, from whatever source, is whether it demonstrates independent facts and circumstances that support, and thus corroborate, the challenger's claim." *Min v. Avila*, 991 S.W.2d 495, 503 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see Novik v. Lendr, LLC*, 592 S.W.3d 907, 914 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

## B.  PRESUMPTION OF SERVICE

In the present case, Anyanwu submitted an affidavit claiming that he was out of the country when he was allegedly served with citation. American Express admits that this was sufficient to rebut the presumption of service; however, it argues that rebuttal of the presumption of service does not establish lack of service.

Nevertheless, American Express contends that "it was the duty of the trial court to ascertain the facts surrounding [Anyanwu's] default, and in so doing to judge the credibility of witnesses and the weight to be given their testimony." *See Texaco*, 137 S.W.3d at 767; *see also Sheppard v. Sheppard*, No. 07-14-00074-CV, 2015 WL 6082303, at *3 (Tex. App.—Amarillo Oct. 15, 2015, no pet.) (mem. op.). Accordingly, American Express asserts that it was within the trial court's discretion to determine that Anyanwu had been served. However, we conclude that the record does not support that determination.

During the hearing and in his affidavit, Anyanwu declared that he was in Nigeria from approximately August 13, 2018 to July 9, 2019, and therefore was not in the United States on February 27, 2019, when he was allegedly served with process. The photocopies of his passport, which were attached as an exhibit to his affidavit, support this claim. The stamps in his passport indicate that he entered Nigeria on August 14, 2018 and that he returned to the U.S. on July 10, 2019. Anyanwu also submitted stubs from airline tickets for July 10, indicating that he left Port Harcourt, Nigeria, traveled to Istanbul, and arrived in Houston, Texas on July 10, as noted by the stamps on his passport. This evidence corroborates Anyanwu's claim that he was not served because he was out of the country. *See Felt*, 401 S.W.3d at 806; *Avila*, 991 S.W.2d at 503; *see also Seaprints, Inc. v. Cadleway Props., Inc.*, 446 S.W.3d 434, 441 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("In light of Salbert's sworn statement that he was at another location on the morning when he purportedly was served and his presentation of the receipt, which corroborates his account [that he was buying carpet shampoo in a nearby town], we conclude that Seaprints presented evidence of independent facts and circumstances to corroborate its denial of service."). Furthermore, at the motion to set aside judgment hearing, Anyanwu contested the assertion in Thompson's return of service that he was in a car with a GCV6354 license plate

8

when she delivered the citation to him by informing the trial court that he does not have a car with that license plate number.

Our court has reviewed the issue of corroborating proof necessary for the movant to establish lack of service in the trial court. *See Huffeldt v. Competition Drywall, Inc.*, 750 S.W.2d 272, 273 (Tex. App.—Houston [14th Dist.] 1988, no writ). In *Huffeldt*, plaintiffs filed a return of service indicating that defendant had been served. Defendant filed a motion for new trial, alleging that he was in Utah, not Texas, when he was allegedly served. *See id.* Defendant provided affidavits from himself and his secretary, copies of his airline tickets showing a round trip from Salt Lake City to Houston, and a motel bill from Salt Lake City for the day he was allegedly served. Plaintiffs did not file a response to defendant's motion for new trial. *See id.* On appeal, we concluded:

> In this case, [defendant] rebutted the presumption of proper service of citation by direct, objective proof. [Plaintiffs'] attack on this issue was not rectified by anything appearing in the record or produced by [defendant]. The procedural rules regulating service of process are mandatory and without a showing of strict compliance in the record, a default judgment will not withstand such an attack. Since this is a direct attack upon a default judgment we indulge no presumptions in support of that judgment. We hold that the trial court abused its discretion by overruling [defendant's] motion for new trial.

*Id.* (internal citations omitted). Likewise, in the present case, American Express filed a return of service indicating that Anyanwu was served. Anyanwu filed a motion for new trial alleging he was not in the United States when he was allegedly served. Although Anyanwu did not provide objective evidence to the same degree as was presented in *Huffeldt*, Anyanwu did provide sufficient objective evidence corroborating his claim that he was not served with process. *See Avila*, 991 S.W.2d at 503; *Sozanski v. Plesh*, 394 S.W.3d 601, 604 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (holding that the party claiming

9

ineffective service only needs to prove their claim by a preponderance of the evidence).

Further, American Express did not file a response to Anyanwu's motion for new trial, did not request an evidentiary hearing, and did not appear at the hearing on Anyanwu's motion. As Anyanwu argues on appeal, American Express never controverted his affidavit or other evidence indicating that he was not properly served. In sum, Anyanwu's attack on the presumption of service was not rebutted by American Express. *See id.* Thus, we conclude that Anyanwu established lack of proper notice. *See Huffeldt*, 750 S.W.2d at 273.

American Express additionally argues that Anyanwu failed to satisfy the second *Craddock* prong because he left the "meritorious (good) defense" section of his motion completely blank. However, because Anyanwu established lack of notice, he was not required to address the second or third prongs of *Craddock*. *See Lopez*, 757 S.W.2d at 723; *Ayele*, 516 S.W.3d at 632; *Felt*, 401 S.W.3d at 806; *Limestone*, 143 S.W.3d at 54.

Therefore, we conclude that the trial court abused its discretion in overruling Anyanwu's motion for new trial. *See Lopez*, 757 S.W.2d at 723; *Huffeldt*, 750 S.W.2d at 273; *see also Williams v. Jackson*, No. 14-94-01022-CV, 1996 WL 317143, at *1 (Tex. App.—Houston [14th Dist.] June 13, 1996, writ denied) (mem. op.) (concluding that the trial court erred by failing to grant appellant's motion for new trial when appellant affirmatively rebutted the presumption of service by filing an affidavit contesting proper service, which was "uncontroverted by anything in the transcript"). We sustain Anyanwu's sole issue.

### III. CONCLUSION

We reverse the trial court's judgment and remand this case for further proceedings.

/s/    Margaret "Meg" Poissant
Justice


Panel consists of Justices Spain, Hassan, and Poissant.