**Opinion issued November 1, 2012**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-11-01071-CV
_____

**TARAS SOZANSKI, Appellant**

**V.**

**LIDA PLESH, Appellee**

**On Appeal from the 310th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-13159**

## O P I N I O N

Taras Sozanski appeals the trial court's denial of his motion for new trial following a default judgment grant of divorce and division of the marital estate. In two issues, appellant argues that the trial court abused its discretion by denying his

motion for new trial because the evidence established that he had not been served by citation.

We reverse and remand for a new trial.

## Background

Sozanski and Plesh were married in 2005. Plesh filed for divorce on March 3, 2011. Her petition identified an address in Humble as the address that Sozanski could be served with process. The record indicates that the Humble address was Plesh's residence and that Sozanski was no longer living at that address. Instead, in efforts to serve Sozanski with process, Plesh would contact the process server whenever Sozanski was spotted at or near the Humble address. These efforts were not successful.

On June 27, Plesh filed a motion for alternative service. Included with the motion was an affidavit from the process server. The process server identified his unsuccessful attempts to serve Sozanski at the Humble address. All of these attempts were in May.

Also in May, the process server went to an address in Tomball "where Ms. Plesh thought Mr. Sozanski may be staying." Harris County Appraisal District records, which were attached to the motion for alternative service, identified Sozanski as the owner of the Tomball residence. The process server went to the Tomball residence at 1:35 p.m. and found three vehicles parked in front of the

2

house.  Two of the vehicles were registered to Sozanski.  One was registered to Unity Housing Corp.  The process server knocked on the door, but no one answered.

The process server went to the Tomball residence the next day at 3:50 p.m. One of Sozanski's vehicles was not there.  The other "was filled with junk in the back seat and in the rear of the vehicle."  There was also a full trash can near the front door of the residence.  The process server knocked again, but no one answered.

Plesh, in her motion for alternate service, asked to serve Sozanski with process by taping the petition for divorce to the door of the Tomball residence. The trial court granted the motion on July 14.  The petition for divorce was taped to the door of the Tomball residence on July 20.

On August 14, M. Gauthier filed an affidavit in the case.  In the affidavit, Gauthier identified herself as the resident of the Tomball residence.  She began renting the residence in May 2011.  She rents the property from Assisted Elder Care Homes Corporation.  She swore that she found the petition taped to her door on July 20.  She further asserted, "The petition was from Lida Plesh suing Taras Sozanski.  Neither of these parties is living at this address.  I do not know how to reach either party. . . . I am returning this petition with this affidavit to the court as I have nowhere else to send these papers."

Sozanski did not make an appearance in the case. On September 19, the trial court rendered a default judgment, granting the divorce and dividing the marital estate. The judgment asserted that Sozanksi, "although duly and properly cited, did not appear and wholly made default." The judgment awarded the Tomball residence to Sozanski. It also assigned certain debts to Sozanski, including a "promissory note executed by Taras Sozanski . . . payable to Southwest Alliance Assets, Urban Development etal [*sic*], Assisted Elder Care Homes Corporation, and Dilozir Terry TRE, and secured by deeds of trust on the real property awarded in this decree to" Sozanksi. The judgment also assigned to Sozanski "all debt owed to Assisted Elder Care Home Corp. or Rosie Stevenson" resulting from a separate lawsuit. The judgment was approved as to form by Plesh's attorney and approved as to both form and substance by Plesh.

On October 14, Sozanski filed a motion for new trial, asserting he was not aware of the suit prior to the judgment, the Tomball residence was not his address, and he did not receive the notice of the suit. Sozanski attached his affidavit to the motion. In the affidavit, he asserted that he was not residing at the Tomball residence at the time the alternate service was performed and that he did not receive the process service. He also included a copy of his commercial driver's license, which indicates a different address as his residence. The address on his license is on the same street as the Tomball residence, though a couple of houses

4

down and across the street. The driver's license was not issued, however, until August 1, 2011—after the time that the alternative service was performed.

The trial court denied the motion for new trial, and Sozaski filed a notice of appeal.

## Motion for New Trial

In his two issues on appeal, Sozanski argues that the trial court abused its discretion by denying his motion for new trial because the evidence established that he had not been served by citation.

### A.    Standard of Review

A challenge to whether a party was properly served with process may be raised in a motion for new trial. *Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006). Denial of a motion for new trial is reviewed for abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010); *see also Ward v. Naya*, 488 S.W.2d 736, 737–38 (Tex. 1972) (holding issue of lack of service in motion for new trial is question of fact to be determined by trier of fact). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or fails to correctly analyze or apply the law. *Celestine v. Dep't of Family & Protective Servs.*, 321 S.W.3d 222, 235 (Tex. 2010).

**B.    Analysis**

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950). "Failure to give notice violates the most rudimentary demands of due process law." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896, 899 (1988).

A judgment cannot be rendered against a defendant unless he has been properly served, accepted or waived service of process, or made an appearance. TEX. R. CIV. P. 124. On direct appeal, there is no presumption of proper service. *Min v. Avila*, 991 S.W.2d 495, 501 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Instead, the record must affirmatively show strict compliance with the rules of service of process. *See Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (holding failure to affirmatively show strict compliance with rules of service renders attempted service of process invalid and of no effect). In that event, the recitals in a process server's return creates a presumption that service was performed. *Huffeldt v. Competition Drywall, Inc.*, 750 S.W.2d 272, 273 (Tex. App.—Houston [14th Dist.] 1988, no writ); *see also*

6

*Min*, 991 S.W.2d at 500–01 (holding return constitutes prima facie evidence of successful service).

The presumption of service can be rebutted with evidence in a motion for new trial or in a bill of review. *See Huffeldt*, 750 S.W.2d at 273 (holding presumption of service can be rebutted); *Fidelity & Guar. Ins. Co.*, 186 S.W.3d at 573–74 (holding parties can introduce evidence to show lack of actual service in motion for new trial or bill of review). "[T]he question of lack of service is purely a question of fact which must be determined by the trier of the facts." *Ward*, 488 S.W.2d at 738. The party claiming ineffective service bears the burden of proof by a preponderance of the evidence. *Id.*

Critical to our analysis in this appeal is the principle that "the jurisdictional power of the court derives from the *fact* of service and not the return itself." *Min*, 991 S.W.2d at 501. Accordingly, if the record establishes that the plaintiff was not served, the judgment is void. *See PNS Stores, Inc. v. Rivera*, No. 10-1028, 2012 WL 3800817, *4 (Tex. Aug. 31, 2012) (holding a judgment is void when record "exposes such personal jurisdictional deficiencies as to violate due process" and that complete failure of service violates due process).

The record shows that the trial court granted the motion for alternate service and that the process server filed the return with the district court. Sozanski does not identify any errors in the order or the return, and we find none. Accordingly,

7

the return created a presumption that service was successful. *See Huffeldt*, 750 S.W.2d at 273; *Min*, 991 S.W.2d at 500–01.

Before the hearing on the motion for default judgment, however, this presumption had already been rebutted. Gauthier filed an affidavit with the court explaining that she was the resident of the Tomball home, that Sozanski did not live at that address, and that she did not how to reach him. Without some proof of successful service, the trial court lacked personal jurisdiction over Sozanski, and any judgment rendered against him was void. *See PNS Stores*, 2012 WL 3800817, at *4. Accordingly, when Sozanski filed his motion for new trial on the grounds that he had not been served, the trial court abused its discretion by not granting a new trial on the void judgment.

We sustain Sozanski's two issues.

## Conclusion

We reverse the Final Decree of Divorce in its entirety and remand for a new trial.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

8