**Opinion issued June 19, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-13-00536-CV

———————————————

**VLADIMIR LANDAGAN, Appellant**

**V.**

**WANDA FIFE, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1020788**

---

## MEMORANDUM OPINION

In this personal injury lawsuit, appellee Wanda Fife sued appellant Vladimir

Landagan for negligence arising out of a car accident. The trial court granted a no-

answer default judgment in favor of Fife. Landagan then moved for a new trial,

arguing that Fife did not serve him with process at his correct address. The trial court denied this motion. In one issue, Landagan contends that the trial court erroneously granted the default judgment and denied his motion for new trial because the return of service did not (1) identify a valid address for service or (2) state the expiration date for the private process server's certification.

We reverse and remand.

## Background

On November 12, 2010, Fife and Landagan were involved in a car accident. Fife sued Landagan for negligence on September 28, 2012. Fife requested personal service on Landagan "at his home at the following address: 872 Berrtina Ct., #206, Houston, Texas 77024." The Harris County clerk issued citation for Landagan at that address.

Landagan did not file an answer, and he did not appear for trial. Fife filed an affidavit with the trial court in which she gave a brief factual summary of the accident, averred that she had incurred more than $6,500 in medical care expenses and $4,000 in diminished value of her vehicle, and requested $50,000 in damages. Fife also filed a "Certificate of Last Known Mailing Address" completed by her counsel, in which her counsel certified that Landagan's last known mailing address was "618 Lakenshire Falls Ln., Katy, Texas 77494." The trial court entered a

2

default judgment against Landagan, awarding Fife $10,500 in damages, $10,500 for pain and suffering, pre and post-judgment interest, and court costs.

Landagan moved for a new trial. In this motion, he argued that he lived at "872 Bettina Ct., #206" at the time of the accident, but he moved to "6118 Lakenshire Falls Lane, Katy, Texas 77494" in June 2011, before Fife filed suit against him. He stated that he changed his address on his driver's license to his new address. He also argued:

> The return of service on file with the county clerk indicates Defendant was served by private process server on October 12, 2012 at **618 Lakenshire Falls Lane**, Katy, Texas. However, Defendant resides at **6118 Lakenshire Falls Lane**, Katy, Texas. Defendant has not been served with process in this suit.

He argued that because he was never served with process, his failure to answer was not intentional or the result of conscious indifference.

Landagan attached an affidavit to his motion for new trial, in which he averred as follows:

> On November 12, 2010, I lived at 872 Bettina Court, Apartment #206, Houston, Texas 77024.
>
> I moved from the Bettina Court address to 6118 Lakenshire Falls Lane, Katy, Texas 77494 in June 2011 and promptly updated [my] new address on my Texas Driver's License. I continue to reside at this address today.
>
> I have never lived at 618 Lakenshire Falls Lane, Katy, Texas 77494.
>
> I was not served with this lawsuit on October 12, 2012 nor at any other time. I did not attempt to avoid service of this lawsuit either. I

3

do not know who resides at 618 Lakenshire Falls Lane, Katy, Texas 77494, and I did not accept service of process at that address.

Landagan also attached the original citation and the return of service. The return of service stated that "Vladimir Landagan" was served at 8:20 p.m. on October 12, 2012, at "618 Lakenshire Falls Ln. Katy, TX 77494."

Landagan also attached an affidavit from Curtis Wheeler, the private process server employed by Fife. In this affidavit, completed shortly after allegedly serving Landagan, Wheeler averred:

> I served defendant **Vladimir Landagan** in this cause of action at the listed date and time below:
>
> **October 12, 2012 @ 8:20 PM** – I went to 618 Lakenshire Falls Ln., Katy, Texas 77494 to serve Vladimir Landagan in this matter. I was greeted by a Middle Eastern man in his 40's who identified himself as Vladimir Landagan. I served him an original petition in this matter and he [accepted] the service.

In response, Fife argued that Landagan's only ground for a new trial was his

> self-serving affidavit in which he conveniently denied being served even though he acknowledges living on Lakenshire Falls Lane in Houston on the date service was effected on October 12, 2012. The only discrepancy noted in the return of service is that the address number was mistakenly noted at 618 rather than 6118."

Fife noted that Wheeler, in his affidavit, physically described Landagan and noted "that the person served acknowledged that he was in fact the Defendant."

The trial court denied Landagan's motion for new trial, and this appeal followed.

4

**Service of Process**

In his sole issue on appeal, Landagan contends that he did not receive service of process and that the return of service was fatally defective in two ways: (1) the return did not identify a valid address at which Landagan could be served, and (2) the return did not state the expiration of the private process server's certification.

### A. *Standard of Review*

A party may raise a challenge as to whether he was properly served with process in a motion for new trial. *See Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006); *Sozanski v. Plesh*, 394 S.W.3d 601, 604 (Tex. App.—Houston [1st Dist.] 2012, no pet.). We review a trial court's ruling denying a motion for new trial for an abuse of discretion. *Sozanski*, 394 S.W.3d at 604; *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 564 (Tex. App.—Dallas 2006, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles or fails to correctly analyze or apply the law. *Sozanski*, 394 S.W.3d at 604 (citing *Celestine v. Dep't of Family & Protective Servs.*, 321 S.W.3d 222, 235 (Tex. 2010)). A trial court does not abuse its discretion if it bases its decision on conflicting evidence and some evidence supports its decision. *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding); *Miner Dederick Constr., LLP v.*

*Gulf Chem. & Metallurgical Corp.*, 403 S.W.3d 451, 465 (Tex. App.—Houston [1st Dist.] 2013, pet. filed).

### B. Alleged Errors in Return of Service

A trial court cannot render a judgment against a defendant unless he has been properly served, he has accepted or waived service of process, or he has made an appearance. *See* TEX. R. CIV. P. 124; *Sozanski*, 394 S.W.3d at 604. There is no presumption of proper service on direct appeal. *Sozanski*, 394 S.W.3d at 604; *Min v. Avila*, 991 S.W.2d 495, 499 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Instead, the record must affirmatively show strict compliance with the rules for service of process. *Sozanski*, 394 S.W.3d at 604; *N. Carolina Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 719 (Tex. App.—Austin 2003, pet. denied) ("[A] default judgment should stand only if the plaintiff has strictly complied with all requirements for service."). Failure to affirmatively show strict compliance with the rules of civil procedure governing service of citation renders the attempted service of process "invalid and of no effect." *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam); *Nueces Cnty. Hous. Assistance, Inc. v. M & M Res. Corp.*, 806 S.W.2d 948, 949 (Tex. App.—Corpus Christi 1991, writ denied) ("The failure of the record to show strict compliance with the rules governing issuance, service, and return of citation will generally void attempted service and require the default judgment to be set

6

aside."); *see also Primate Constr, Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) (stating that return of service is not "a trivial, formulaic document"). "Virtually any deviation from the statutory requisites for service of process will destroy a default judgment." *Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex. App.—Texarkana 2004, no pet.). Strict compliance with the citation rules does not, however, require "absolute obeisance to the minutest detail." *Whitworth*, 124 S.W.3d at 718 (quoting *Herbert v. Greater Gulf Coast Enters., Inc.*, 915 S.W.2d 866, 871 (Tex. App.—Houston [1st Dist.] 1995, no writ)). The recitals contained with a process server's return create a presumption that service was performed. *Sozanski*, 394 S.W.3d at 604; *see also Primate Constr.*, 884 S.W.2d at 152 ("The return of service is not a trivial, formulaic document. It has long been considered prima facie evidence of the facts recited therein.").

The defendant can rebut the presumption of service by presenting evidence in a motion for new trial or a bill of review proceeding. *Sozanski*, 394 S.W.3d at 604; *see also Fidelity & Guar. Ins. Co.*, 186 S.W.3d at 573–74 (noting that when defendant attacks default judgment by motion for new trial or bill of review, defendant may "introduce affidavits, depositions, testimony, and exhibits to explain what happened"). The question of lack of service of process is "purely a question of fact which must be determined by the trier of the facts." *Sozanski*, 394 S.W.3d at 604 (quoting *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972)). The

7

party claiming ineffective service bears the burden to prove this fact by a preponderance of the evidence. *Id.*

Here, the return of service stated that Curtis Wheeler, the private process server hired by Fife, served "Vladimir Landagan" at 8:20 p.m. on October 12, 2012, at "618 Lakenshire Falls Dr. Katy, TX 77494." The record also includes an "affidavit of personal service," sworn to by Wheeler, in which he averred:

> I served defendant **Vladimir Landagan** in this cause of action at the listed date and time below:
>
> **October 12, 2012 @ 8:20 PM** – I went to 618 Lakenshire Falls Ln., Katy, TX 77494 to serve Vladimir Landagan in this matter. I was greeted by a Middle Eastern man in his 40's who identified himself as Vladimir Landagan. I served him an original plaintiff's petition in this matter and he [accepted] the service.

The officer's return is prima facie evidence of the facts recited within the return and creates a presumption of service. *See Primate Constr.*, 884 S.W.2d at 152; *Sozanski*, 394 S.W.3d at 604. The burden therefore shifted to Landagan to rebut the presumption of service. *See Fidelity & Guar. Ins. Co.*, 186 S.W.3d at 573–74; *Sozanski*, 394 S.W.3d at 604.

Landagan challenged the officer's return and supporting affidavit in his motion for new trial, arguing that he never received service of process because he lived at a different address: 6118 Lakenshire Falls Lane, not 618 Lakenshire Falls Lane. He averred:

On November 12, 2010, I lived at 872 Bettina Court, Apartment #206, Houston, Texas 77024.

I moved from the Bettina Court address to 6118 Lakenshire Falls Lane, Katy, Texas 77494 in June 2011 and promptly updated [my] new address on my Texas Driver's License. I continue to reside at this address today.

I have never lived at 618 Lakenshire Falls Lane, Katy, Texas 77494.

I was not served with this lawsuit on October 12, 2012 nor at any other time. I did not attempt to avoid service of this lawsuit either. I do not know who resides at 618 Lakenshire Falls Lane, Katy, Texas 77494, and I did not accept service of process at that address.

By presenting his affidavit, Landagan rebutted the presumption of service. *See Fidelity & Guar. Ins. Co.*, 186 S.W.3d at 573–74; *Sozanski*, 394 S.W.3d at 604.

Although the parties presented conflicting evidence regarding whether Wheeler actually served Landagan with process, Fife concedes in her appellate brief that the return of service states the wrong address: 618 Lakenshire Lane, rather than 6118 Lakenshire Lane. A typographical error concerning the defendant's address in the return of service does not constitute strict compliance with the rules governing service and is grounds for setting aside a default judgment. *See Royal Surplus Lines Ins. Co. v. Samaria Baptist Church*, 840 S.W.2d 382, 383 (Tex. 1992) (per curiam) (affirming court of appeals' reversal of default judgment when citation was sent to "1201 Bassie" when registered agent's correct address was "1201 Bessie"); *see also Uvalde Country Club*, 690 S.W.2d at 885 (holding no strict compliance when original petition stated entity could be

9

served by serving its registered agent "Henry Bunting, Jr." and return of service stated that sheriff served "Henry Bunting").

It is the responsibility of the one requesting service, not the process server, to ensure that service is properly accomplished. *Primate Constr.*, 884 S.W.2d at 153; *GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 60 (Tex. App.—Fort Worth 2003, pet. denied). Texas Rule of Civil Procedure 118 allows for liberal amendment of the return of service to show the true facts of service. TEX. R. CIV. P. 118; *Primate Constr.*, 884 S.W.2d at 153. If the facts stated on the return of service are incorrect and do not show proper service, the party requesting service must amend the return prior to judgment. *Primate Constr.*, 884 S.W.2d at 153.

Here, Fife did not amend the return of service. Thus, the only proof in the record that Landagan was served is a return that recites service at an address at which Landagan does not live. *See id.* We conclude that because the return of service states the incorrect address for Landagan, Fife did not strictly comply with the rules governing service.

Landagan also contends that the return of service is fatally defective because it does not state the expiration date of Wheeler's private process server certification. Texas Rule of Civil Procedure 107(b) states the information that must be included in the return of service. TEX. R. CIV. P. 107(b). If the person who served process is a process server certified under order of the Texas Supreme

10

Court, as Wheeler is, the return of service must include the process server's identification number and the expiration date of his certification. TEX. R. CIV. P. 107(b)(10).

Here, Fife employed Curtis Wheeler, a private process server, to serve Landagan with process. As a private process server, Wheeler was required to comply with Rule 107(b)(10) in completing the return of service. As part of this requirement, he needed to include in the return not just his identification number but also the expiration date of his certification. *See* TEX. R. CIV. P. 107(b)(10). The return of service in this case includes Wheeler's identification number, but he completely omitted the expiration date of his certification. We cannot conclude that the complete omission of required information constitutes "strict compliance" with the rules governing service. *See Whitworth*, 124 S.W.3d at 718 (stating that "absolute obeisance to the minutest detail" is not required to establish strict compliance); *Ameriquest Mortg. Co. v. Ashworth*, No. 01-08-00544-CV, 2010 WL 1491954, at *4 (Tex. App.—Houston [1st Dist.] Apr. 15, 2010, pet. denied) (mem. op.) ("Nor . . . can we conclude that our determination that the complete absence of any kind of acknowledgement before a notary is akin to requiring 'absolute obeisance to the minutest detail'").

The return of service in this case states an incorrect address for service and omits the expiration date of the private process server's certification; thus, the

11

return does not affirmatively show strict compliance with the rules governing service of process and citation. *See Uvalde Country Club*, 690 S.W.2d at 885. We therefore conclude that service of process on Landagan was invalid and of no effect. *See id.*; *Frazier*, 144 S.W.3d at 149 (holding service of process on defendant invalid when return is signed by process server but not verified). Because no return of service strictly complying with the Rules of Civil Procedure was on file in this case, we hold that the trial court did not acquire personal jurisdiction over Landagan and that the trial court erred in rendering a default judgment in favor of Fife and in denying Landagan's motion for new trial. *See* TEX. R. CIV. P. 107; *Sozanski*, 394 S.W.3d at 604.

We sustain Landagan's sole issue.

## Conclusion

We reverse the default judgment and remand the case to the trial court for further proceedings consistent with this opinion.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Brown.

12