

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00488-CV

Robert **DUNLAP**,
Individually and as Trustee of the Meta 1 Coin Trust,
Appellant

v.

Charles **TROIS**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-00955
Honorable Mary Lou Alvarez, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: December 23, 2020

AFFIRMED

Appellant Robert Dunlap, Individually and as Trustee of the Meta 1 Coin Trust, appeals a default judgment entered against him. On appeal, Dunlap asserts the trial court erred in entering the default judgment because he was not properly served. We affirm the trial court's judgment.

## BACKGROUND

On January 15, 2019, appellee Charles Trois sued Dunlap for tortious interference with prospective relations and fraud and sought damages and a declaration that Dunlap had no right, title, or interest in certain art pieces. According to Trois, Dunlap agreed to buy eighteen art pieces

from him for $125,000,000, but Dunlap only paid Trois $18,000 and did not pay the remaining balance by the promised due date. Trois alleged he notified Dunlap of his default and demanded he stop claiming ownership of the pieces, but Dunlap continued to falsely publicize them as his own on his website. Trois later amended his petition to include claims for injunctive relief and breach of contract.

On February 23, 2019, a process server personally served Dunlap with the lawsuit in Sedona, Arizona. Three days later, Dunlap began filing multiple pro se documents, including what he titled a "Notice of this Lawful Nitice [sic] of Non-Consent," "Common Law Copyright Notices," and "Truth Affidavit." On April 23, 2019, Trois filed a motion setting the case on the nonjury trial docket for June 13, 2019 at 9:00 a.m. The motion included a certificate of service signed by Trois's attorney asserting he duly served Dunlap with the motion by certified mail at two addresses and email. The trial court held a hearing on June 13, 2019, and Dunlap did not appear. That same day, the trial court signed a judgment in favor of Trois and awarded him $25,000,000 in damages along with prejudgment interest. The court further declared Dunlap had no right, title, or interest in the art pieces. Dunlap then filed this pro se appeal.

## ANALYSIS

Dunlap argues the trial court improperly entered a default judgment against him because he was not properly served in accordance with Texas Rules of Civil Procedure 17, 103, 106, and 107. He further argues the trial court did not have jurisdiction over him since he was not properly served, and Trois did not have standing to file suit against him.

In response, Trois contends that Dunlap was properly served with the citation and petition as evidenced by a return of service signed by the process server. Trois alternatively argues Dunlap waived any complaints regarding service because he entered a general appearance when he filed multiple pro se filings beginning on February 26, 2019.

*Standard of Review and Applicable Law*

We review a trial court's granting of a default judgment for an abuse of discretion. *Cottonwood Valley Home Owners Ass'n v. Hudson*, 75 S.W.3d 601, 603 (Tex. App.—Eastland 2002, no pet.). A trial court cannot render a judgment against a defendant unless he has been properly served, accepted, or waived service of process, or made an appearance. TEX. R. CIV. P. 124. On direct appeal from a default judgment, there is no presumption of proper service. *See Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). Instead, the record must affirmatively show strict compliance with the rules of service of process. *Id.* A certificate or affidavit of service is prima facie evidence that service took place, and "recitals in a process server's return creates a presumption that service was performed." *Sozanski v. Plesh*, 394 S.W.3d 601, 604 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

The rules governing proper service are found in the Texas Rules of Civil Procedure. Rule 17 outlines the fee structure of the officer executing process. *See* TEX. R. CIV. P. 17. Rule 106 provides that the citation must be delivered to the defendant by any person authorized under Rule 103 in person or by registered or certified mail, return receipt requested. *Id.* R. 106. Rule 103 indicates process may be served by the sheriff, constable, any person authorized by law or court order who is not less than eighteen years old, or any person certified by the Supreme Court. *Id.* R. 103. Once the defendant is served, the person serving the citation must complete a return that includes the following:

(1) the cause number and case name;
(2) the court in which the case is filed;
(3) a description of what was served;
(4) the date and time the process was received for service;
(5) the person or entity served;
(6) the address served;
(7) the date of service or attempted service;
(8) the manner of delivery of service or attempted service;
(9) the name of the person who served or attempted to serve the process;

(10) if the person named in (9) is a process server certified under order of the Supreme Court, his or her identification number and the expiration date of his or her certification; and
(11) any other information required by rule or law.

*Id.* R. 107. The trial court may not grant a default judgment against a defendant until proof of service has been on file with the court for ten days. *Id.*

*Application*

Here, Dunlap makes a broad assertion that he was not properly served, and the record includes a return of service filed on March 14, 2019. In it, the process server attests that on February 23, 2019 at 11:21 a.m., she personally served Dunlap with a copy of the citation and the original petition and request for disclosure in Sedona, Arizona. The affidavit includes the cause number, case name, and the court in which the case was filed; it also contains the process server's notarized signature and certification number in compliance with the requirements outlined in Rule 107. *See id*. This return is prima facie evidence that service took place, and the recitals in it create a presumption that service was performed. *See Sozanski*, 394 S.W.3d at 604. Other than his general assertion that he was not served, Dunlap does not point to any evidence to rebut this presumption. Accordingly, we conclude Dunlap was properly served with citation, and because proof of service was on file with the court for the required ten days, the trial court had jurisdiction to render a default judgment against him on June 13, 2019.[1] *See* TEX. R. CIV. P. 107, 124. Dunlap's first two issues are overruled.

Finally, in a conclusory manner, Dunlap contends Trois did not have standing to file suit because he did not own the art pieces. To support his argument, Dunlap does not cite any authority

---

[1] We note that in his Statement of Facts, Dunlap states he was unaware of the proceedings and the district court proceeded "in absentia." To the extent Dunlap argues he did not receive notice of the June 13, 2019 trial setting, the record contains a certificate of service signed by Trois's attorney stating he served notice of the trial setting to Dunlap by certified mail and email. This certificate of service is prima facie evidence of service. *See In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009).

or apply the law to the facts of his case. Our rules of appellate procedure provide that a brief must contain a clear and concise argument for the contention made with appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1(i). And even though we liberally construe pro se briefs, we nevertheless hold a pro se party to the same standards as licensed attorneys and require them to comply with the applicable rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). We therefore hold Dunlap has inadequately briefed this issue and presented nothing for our review. Dunlap's final issue is overruled.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Luz Elena D. Chapa, Justice