In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-19-00092-CV**

**MICHAEL RIESE AND ANGELA RIESE, INDIVIDUALLY AND D/B/A MICHAELANGELA CONSTRUCTION, Appellants**

**V.**

**JAMES STUTTS, Appellee**

_____

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 132619**
_____

**MEMORANDUM OPINION**

Michael and Angela Riese, individually and d/b/a/ MichaelAngela Construction, appeal from a default judgment, which they suffered in a lawsuit filed by James Stutts. The Rieses filed a motion for new trial, which the trial court at first granted but then later decided to withdraw. We conclude the Rieses provided the trial court with evidence sufficient to show they have a right to prevail on their motion for new trial. Based on that conclusion, we reverse and remand.

1

## Background

This suit arises out of a construction dispute over work the Rieses' business, MichaelAngela Construction, performed after Stutts hired them to repair the damages caused by a water leak he suffered in his home. In May 2018, MichaelAngela Construction gave Stutts a bid for $127,800 to repair the damages caused by the leak. The bid, which is in evidence, reflects it is merely a bid and is on a form that is not fully integrated, which means it does not contain all the terms of the agreement the parties made to repair the home. Instead, the bid merely reflects the charges MichaelAngela Construction expected to charge Stutts should he accept the bid. The bid describes the repairs MichaelAngela Construction recommended Stutts needed in several of the rooms in the home. Stutts accepted the bid and authorized MichaelAngela Construction to start the work. Stutts paid MichaelAngela Construction $25,000 to start the job.

MichaelAngela Construction worked on Stutts' home for twelve days before a dispute arose between the parties about the terms of the bid. The dispute began when Michael Riese told Stutts that MichaelAngela Construction could not complete the work for the amount stated in the bid. When Michael told Stutts about the increased bid, he also demanded that Stutts pay another advance against the total and newly projected cost for the repairs.

In response to the news about the increase in the bid and MichaelAngela Construction's demand for another advance, Stutts demanded Michael produce the invoices supporting MichaelAngela Construction's expenses for the materials it had used on the job. He also declined to advance additional monies to fund the work in progress. At that point, MichaelAngela Construction quit working on Stutts' home. The defendants also never gave Stutts any invoices to support the expenses they incurred on the work they completed before the dispute led them to quit working on the home. Shortly after the dispute over the contract arose, Stutts sued Michael, Angela, and MichaelAngela Construction and alleged they were negligent, committed fraud, and breached the contract to repair his home. When the defendants failed to file a timely answer, Stutts moved to default them. The trial court granted the motion.

We note Stutts' Original Petition contains multiple claims and theories of recovery, theories sounding in both tort and contract. About three weeks after the trial court signed the judgment, the defendants filed a motion for new trial. The defendants filed several affidavits to support their motion, including one from a law clerk who works for the firm Michael hired to handle the defendants' dispute with Stutts. The defendants filed evidence to support their motion for new trial. It shows that Michael first contacted the law firm to pursue a claim against Stutts over the value of the work they completed on Stutts' home before the dispute arose.

Michael's affidavit reflects that he claimed Stutts owes the defendants $5,000 more for the work than he paid them as an advance against the work.

To establish their failure was not intentional or due to conscious indifference, the defendants filed an affidavit from the law clerk the firm assigned to assist the firm in handling the lawsuit Stutts filed against the defendants suing them for damages resulting from their failure to complete the work. She explained that she was assigned the task of calculating when the defendants were required to answer the suit. The law clerk's affidavit states that, on September 26, 2018, she was assigned the task of drafting an answer to Stutts' suit by the attorney in charge of her work. In her affidavit, the law clerk states she made an error in calculating the date the defendants needed to answer and calculated the due date for the answer on a date later than the one on which it was due. The law clerk, according to her affidavit, did not learn of her error until after the trail court defaulted the defendants in the suit.

The defendants' Motion for New Trial also alleges the defendants' failure to answer on the date their answer was due was not intentional or the result of any conscious indifference to the suit, but resulted from an accident or mistake. In the motion, the defendants alleged they did not breach the agreement they had with Stutts. To establish they had a defense to Stutts' claim for breach of contract, the defendants filed an affidavit signed by Michael Riese. In his affidavit, Michael swore that Stutts "actually still owes $5,000" to the defendants for the work in progress

4

completed on Stutts' home when the defendants stopped their work. Additionally, Michael's affidavit states the defendants "performed under the contract so MichaelAngela Construction was not in breach."

On January 2, 2019, the trial court considered and then granted the defendants' Motion for New Trial. Five days later, Stutts, by motion, asked the trial court to reconsider its ruling granting the defendants' Motion for New Trial. In his Motion to Reconsider, Stutts argued the trial court should not have overturned the judgment based on the defendants motion claiming the return of service failed to adequately describe what documents the process server gave them when she served them with the paperwork in Stutts' suit. In his Motion to Reconsider, Stutts also argued the defendants' Motion for New Trial failed to contain sufficient evidence to establish the defendants have meritorious defenses to both his tort and breach of contract claims, noting his Original Petition includes more than just a claim for breach of contract.

In response to the Motion to Reconsider, the defendants filed a second affidavit, signed by Michael Riese. In that affidavit, Michael reiterated the defendants "fully performed under the construction contract." He also stated that he was "willing and able to reimburse Mr. Stutts for the expenses he incurred in obtaining the default judgment."

In February 2019, the trial court conducted a hearing on Stutts' Motion to Reconsider. Less than two weeks later, the trial court signed an order granting Stutts' motion. The order granting Stutts' Motion to Reconsider reflects the trial court withdrew its ruling on defendants' Motion for New Trial, denied the Motion for New Trial, and ordered the default judgment of October 2018 reinstated.

The defendants appealed from the final judgment, as reinstated by the trial court's order of March 2019 granting Stutts' Motion to Reconsider. In the brief they filed to support their appeal, the defendants raise three issues. In them, they argue the following: (1) the description in the citation of service on which the default judgment is based fails to adequately describe the documents with which they were served when the process server served them with Stutts' suit; (2) the trial court abused its discretion in denying their Motion for New Trial; and (3) the evidence is insufficient to support the amount the trial court awarded Stutts on his claim for attorney's fees.

## Standard of Review

We review rulings denying motions for new trial for abuse of discretion.[1] A trial court cannot render a judgment by default against a defendant unless the defendant is properly served with the plaintiff's suit.[2] In a direct appeal from a

---

[1] *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994).

[2] Tex. R. Civ. P. 124.

6

judgment by default, there is no presumption of proper service.[3] Even so, the certificate or affidavit of service from the process server who served process is prima facie evidence of the fact the defendant was served, and the "recitals in a process server's return create[] a presumption that service was performed.[4] Without the presumption of proper service, Texas law requires that before the trial court may default a defendant, the record must show the plaintiff complied with the Rules of Procedure that control how plaintiffs must serve defendants with a lawsuit.[5]

This appeal involves a case in which the defendants filed a timely motion for a new trial. When resolving a motion for new trial that assails a default judgment, the trial court abuses its discretion if the motion for new trial and evidence supporting it shows the defendant provided the trial court with sufficient evidence establishing three things: (1) the defendant's failure to appear was not intentional or the result of his conscious indifference but resulted from an accident or mistake; (2) the defendant has a meritorious defense to the plaintiff's claim; and (3) granting the motion will not cause undue delay or injure the plaintiff.[6] If the motion satisfies these requirements, the trial court must grant the motion.[7]

---

[3]*See Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam).

[4]*Sozanski v. Plesh*, 394 S.W.3d 601, 604 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

[5]*Id.*

[6]*See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (1939).

[7]*Strackbein v. Prewitt,* 671 S.W.2d 37, 39 (Tex. 1984).

To establish the existence of a meritorious defense, the defendant must produce evidence that, if believed, could cause a factfinder to reach a different result in another trial.[8] Ultimately, the question is whether the evidence before the trial court shows the trial court abused its discretion in denying the defendants' motion.[9]

Analysis

In issue one, the appellants argue the process server's affidavit accompanying the return of service fails to sufficiently describe the documents the process server handed the defendants when she served them with Stutts' suit. We disagree with the defendants that the description the process server included in her affidavit accompanying the return is inadequate for the reasons the defendants rely upon in their brief. What the process server's affidavit shows is that she delivered "true copies" of the Plaintiff's Original Petition, the Plaintiff's Request for Jury Trial, and Exhibit A, an exhibit consisting of MichaelAngela Construction's bid, when she served the defendants with the suit. Because the arguments the appellants raise about the description in the affidavit accompanying the return of service lack merit, their first issue is overruled.

In issue two, the appellants argue the trial court abused its discretion in denying their Motion for New Trial. According to the appellants, the evidence

[8]*Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).
[9]*See Craddock*, 133 S.W.2d at 126.

8

supporting their motion shows their failure to answer resulted from an accident or mistake, was not intentional or due to conscious disregard of the duty they had to answer, and shows they have a meritorious defense to Stutts' claim. On the other hand, Stutts argues there are several reasons the appellants cannot now show the trial court abused its discretion in denying their Motion for New Trial. First, Stutts suggests the trial court could have overruled the motion by finding the defendants' evidence fails to show they did not consciously disregard or intentionally neglect their duty to answer his suit. To support that argument, Stutts points to differences he argues exist by comparing the affidavits Michael filed to support the Motion for New Trial and compares the statements in his affidavit with his testimony from a deposition Stutts obtained from Michael after filing his Motion to Reconsider. Stutts concludes the differences he points to show the trial court could have decided that the statements in Michael's affidavit about when and why he first contacted a law firm to assist him were inconsistent and inferred that Michael's affidavits were not credible and gave them no weight.

While there are relatively minor differences between the deposition testimony Stutts filed to support his Motion to Reconsider as compared to Michael's affidavits, the differences Stutts relied upon are immaterial. None of the claimed differences support a conclusion that the defendants' failure to answer was intentional or resulted from a conscious disregard of Stutts' suit. The differences Stutts relied on

9

between Michael's testimony and his affidavits do not support a conclusion that Michael did not hire lawyers to represent him in Stutts' suit before the deadline they were required to file their answers.

A trial court cannot deny a motion for new trial based on alleged discrepancies between the evidence the defendant files to support its motion seeking a new trial and the evidence the plaintiff files by claiming the plaintiff's evidence shows the defendant's evidence is not credible.[10] Here, the evidence supporting the Motion for New Trial established the defendants have an excuse for failing to timely file their answer. The defendants' evidence also shows they did not consciously or intentionally neglect to answer the suit but that they failed to answer due to an accident or mistake made by their agent, the law firm they hired to handle the suit.[11]

The parties' briefs also reflect they disagree about whether the evidence is sufficient to show the defendants have a meritorious defense to Stutts' suit. According to the defendants, their evidence is sufficient because it shows Stutts owes them money. Stutts disagrees, arguing the trial court, based on their motion for new trial, properly required the defendants to produce evidence responding to their claims for negligence and fraud, not just their contract claim. And as to the contract

---

[10]*See Guar. Bank v. Thompson*, 632 S.W.2d 338, 340 (Tex. 1982) (explaining that a "motion for new trial should not be denied on the consideration of counter-testimony").

[11]*See In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam); *Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 576 (Tex. 2006) (per curiam).

claims, Stutts also argues the statements in Michael's affidavit are so conclusory they are incompetent evidence to show that the defendants have a defense to his claims for breaching the agreement to repair the home.

The trial court apparently agreed with Stutts since it granted his Motion to Reconsider. In his Motion to Reconsider, Stutts made the same arguments he makes here. Yet, the default judgment is not based on Stutts' claims for negligence or for fraud. Instead, the judgment is based solely on Stutts' breach of contract claim.

When Stutts moved for the default, he provided the trial court with the defendants' bid to support his motion. In his motion, Stutts argued the bid established the defendants agreed to repair his home in return for the sum of $127,800. He supported his motion with another estimate from another contractor. That bid, from A. Olivo Construction, reflects that A. Olivo bid $128,000 to complete the work described in its bid. Relying on the A. Olivo bid, Stutts then argued the evidence in his motion for default shows the work the defendants completed has no value.

The trial court accepted that argument and awarded Stutts $25,000 in damages—the same amount Stutts paid the defendants in advance. Stated simply, the trial court used an out-of-pocket measure of Stutts' loss in deciding how much to award. The evidence Stutts submitted with his motion for default shows that he asked the trial court for a reliance damages award for his alleged out-of-pocket loss

11

of $25,000 because that was the amount he lost when the defendants failed to complete the repairs they started on his home.[12]

Stutts submitted no evidence of damages to support his claims for negligence or for fraud. The $25,000 thus represents Stutts' economic loss, a loss Stutts' own evidence ties to the advance he paid the defendants to get them to start the work. Since Stutts' evidence is based on an economic loss he claims he suffered from the defendants' breach, his action against the defendants sounds in contract, not in tort.[13]

Finally, we note that the trial court awarded Stutts attorney's fees. Of Stutts' claims, awards for attorney's fees are unavailable on claims alleging negligence or fraud.[14] We conclude the trial court abused its discretion by accepting Stutts' argument claiming the defendants had to produce evidence to show they had

---

[12]*See Atrium Med. Ctr., L.P. v. Houston Red C LLC*, 595 S.W.3d 188, 193 (Tex. 2020) (explaining American law traditionally recognizes three types of recovery in breach of a contract cases, one of which is reliance damages that compensate the plaintiff "for out-of-pocket expenses").

[13]*Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991) ("When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone.").

[14]*See* Tex. Prac. & Rem. Code Ann. § 38.001(8) (authorizing a plaintiff to recover reasonable attorney's fees in addition to the amount of a valid claim if the claim arises from an oral or written contract); *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019) (noting that Texas follows the American Rule, which "proves that a prevailing party has no inherent right to recover attorney's fees from the non-prevailing party unless there is a specific statutory or contractual authority allowing it"); *MBM Fin. Corp. v. Woodland Operating Co., L.P.*, 292 S.W.3d 660, 667 (explaining that "fees are not allowed for torts like fraud").

defenses to his claims for negligence and fraud given that he did not take a judgment against Stutts based on those claims and the claims are unsupported by the allegations of fact that are in his petition.

The remaining question is whether the defendants' evidence is sufficient to show a meritorious defense exists to Stutts' breach of contract claim. Looking to the evidence the defendants filed to support their motion for new trial, Michael's affidavits assert Stutts owes the defendants an additional $5,000 for the work the defendants completed before stopping the work. On retrial, Michael's testimony would require the factfinder in a trial to decide what value, if any, to assign the work MichaelAngela Construction completed before stopping work and to then decide whether the value of that work was more (or less) than the $25,000 Stutts paid the defendants in advance.[15] Should the factfinder agree with Michael's testimony, the ultimate outcome in the case when compared to the result obtained by default could change.

Stutts also argues Michael's affidavits are conclusory and therefore insufficient to demonstrate that a meritorious defense exists to his breach of contract claim. We agree that Michael's affidavits could have included more detail about the circumstances of the negotiations and the breach. But that's not the question, the

---

[15]*See West v. Quintanilla*, 573 S.W.3d 237, 244 (Tex. 2019).

question is whether the facts stated in the affidavits are so conclusory that nothing in them shows a retrial could produce a different result.

Under Texas law, deciding whether the defendant has a meritorious defense must be based on the evidence the defendant includes with his motion, regardless of whether the plaintiff controverts those facts.[16] "A meritorious defense is one that, if proved, would cause a different result upon a retrial of the case, although it need not be a totally opposite result."[17] While the factfinder might rely on Stutts' evidence and find upon retrial that the work the defendants completed has no value, it could also choose not to do so and accept Michael's testimony that the work the defendants completed was worth $30,000. Given the testimony in Michael's affidavit, it was not up to the trial court to act as a finder of fact and resolve the disputed issue of fact over the value of the defendants' work.[18]

The cases that Stutts relies on to argue the defendants' evidence are inapposite to the circumstances shown by the record before us here. Unlike those cases, the record in this case contains evidence sufficient to create a fact issue over the amount

---

[16]*Evans*, 889 S.W.2d at 270.

[17]*Ferguson & Co. v. Roll*, 776 S.W.2d 692, 698 (Tex. App.—Dallas 1989, no writ) (citing *The Moving Co. v. Whitten*, 717 S.W.2d 117, 120 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)).

[18]*Ivy,* 407 S.W.2d at 214 (explaining that once the defendant submits evidence that shows the defendant has a meritorious defense to the plaintiff's claim, "it is improper to try the defensive issue" in the defendant's motion).

14

at issue in the dispute. In A*buzaid v. Modjarrad & Associates., P.C.*[19] and *Equinox Enterprises, Inc. v. Associated Media Inc.,*[20] the cases on which Stutts relies, those courts affirmed default judgments based on affidavits that did no more than contain a sworn statement that the defendant was not in breach and asserting the plaintiff is the party who breached. In contrast to the evidence before the courts in those cases, the evidence in this case incudes Michael's evaluation assigning a dollar value to the work.

Last, under *Craddock*, a defendant seeking to overturn default judgment must establish that setting aside the judgment will not cause undue delays or injury to the plaintiff.[21] The record shows the appellants satisfied the last prong of *Craddock* by providing the trial court with Michael's affidavit since he offered to pay the expenses Stutts incurred to obtain the judgment by default. By offering to reimburse Stutts, the burden shifted to Stutts to present evidence sufficient to establish he would be injured by any undue delays resulting from a ruling overturning the judgment. Stutts

---

[19]*See Abuzaid v. Modjarrad & Assocs., P.C.,* No. 05-16-00777-CV, 2017 Tex. App. LEXIS 10688, at *26 (Tex. App.—Dallas Nov. 14, 2017, no pet.) (holding that the defendants, in a default judgment case arising from the plaintiff's suit on a sworn account, failed to allege sufficient facts to show they paid all the sums due under the terms of the sworn account).

[20] *Equinox Enters., Inc.*, *v. Associated Media Inc.,* 730 S.W.2d 872, 876 (Tex. App.—Dallas 1987, no writ) (finding the defendant's affidavit overly conclusory on a breach of contract claim when the affidavit the defendant filed merely alleged the plaintiff breached the parties' agreement and failed to perform).

[21]*See Craddock*, 133 S.W.2d at 126.

did not meet his burden because he provided the trial court with no evidence to show he would suffer damages from overturning the default judgment now at issue in the appeal.[22]

For the reasons explained above, we hold the trial court abused its discretion by failing to grant the defendants' Motion for New Trial. Because addressing the appellants' third issue assailing the trial court's award of attorney's fees would not provide the appellants any greater relief, we need not address that issue.

## Conclusion

We sustain the appellants' second issue. Accordingly, we render the judgment the trial court should have rendered: we reverse the trial court's judgment and grant the defendants' motion for new trial. We remand the case to the trial court for further proceeding consistent with the opinion.[23]

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on January 25, 2021
Opinion Delivered March 18, 2021

Before Golemon, C.J., Horton and Johnson, JJ.

---

[22]*See Evans*, 889 S.W.2d at 279 ("Once a defendant has alleged that granting a new trial will not injure the plaintiff, the burden of going forward with proof of injury shifts to the plaintiff.").

[23]Tex. R. App. P. 43.2(c).