# NO. 12-23-00202-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EMMANUEL FUNERAL HOME AND RAY CHARLES EMANUEL, APPELLANTS* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *PHIPPS MEMORIAL COMPANY, LTD., APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellants, Emanuel Funeral Home (the Funeral Home) and Ray Charles Emanuel (Emanuel), appeal a default judgment entered against them in favor of Appellee Phipps Memorial Company, Ltd. (Phipps). In their sole issue, Appellants contend that the trial court erred by failing to grant their motion for new trial. We affirm.

## BACKGROUND

On January 30, 2023, Phipps sued Appellants for payment owed pursuant to a consignment agreement for memorial monuments. Phipps engaged Ken Bruner, a certified process server, to personally serve Appellants. Bruner subsequently provided two affidavits attesting that he personally served both Appellants. Bruner's affidavits were filed in the record on February 21. However, neither Appellant appeared nor answered in the case. On May 5, the trial court held a hearing on Phipps's request for a default judgment, and heard testimony

1

regarding the contract at issue, damages, and attorney's fees. On May 9, the trial court signed a default judgment against Appellants in the amount of $33,946.00 in damages and $2,295.85 in attorney's fees and court costs.

Thereafter, Appellants filed a motion for new trial, arguing that they were never served with process and that the evidence was insufficient to support the trial court's judgment. In support of the motion, Appellants submitted Emanuel's affidavit, wherein he attests that he was never personally served individually or on behalf of the Funeral Home, Bruner's affidavits of service were "fraudulent and do not state the truth under oath," and he never received any notice to appear before the court. Appellants' motion for new trial was subsequently overruled by operation of law, and this appeal followed.

## MOTION FOR NEW TRIAL

Appellants argue that the trial court abused its discretion by failing to grant their motion for new trial because (1) service was not perfected upon them and (2) the verifications on Bruner's affidavits are invalid because the acknowledgement on same was executed by his wife.

### Standard of Review and Applicable Law

We review a trial court's ruling on a motion for new trial for an abuse of discretion, including a motion for new trial after a no-answer default judgment. *B. Gregg Price, P.C. v. Series 1—Virage Master LP*, 661 S.W.3d 419, 423 (Tex. 2023); *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Texas, L.P.*, 260 S.W.3d 561, 564 (Tex. App.—Dallas 2008, no pet.). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *See Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

A trial court cannot render a judgment against a defendant unless he has been properly served, accepted, or waived service of process, or made an appearance. TEX. R. CIV. P. 124. On direct appeal from a default judgment, there is no presumption of proper service. *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam). Instead, service must be in strict compliance with the rules of civil procedure to establish jurisdiction over a defendant and support a default judgment. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). A certificate or affidavit of service is prima facie evidence that service took place, and the "recitals

in a process server's return creates a presumption that service was performed." ***Sozanski v. Plesh***, 394 S.W.3d 601, 604 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

The rules governing proper service are found in the Texas Rules of Civil Procedure. Rule 107 requires that after serving a defendant, the authorized person executing a citation must complete a return of service. TEX. R. CIV. P. 107. The return must include (1) the cause number and case name; (2) the court in which the case is filed; (3) a description of what was served; (4) the date and time the process was received for service; (5) the person or entity served; (6) the address served; (7) the date of service or attempted service; (8) the manner of delivery of service or attempted service; (9) the name of the person who served or attempted to serve the process; (10) if the person named in (9) is a process server certified under order of the Supreme Court, his or her identification number and the expiration date of his or her certification; and (11) any other information required by rule or law. ***Id.***

The presumption of service based upon a process server's return can be rebutted with evidence in a motion for new trial. ***Richardson v. Torres***, No. 03-14-00341-CV, 2015 WL 5096553, at *2 (Tex. App.—Austin Aug. 25, 2015) (mem. op.) (citing ***Fidelity and Guar. Ins. Co. v. Drewery Constr. Co.***, 186 S.W.3d 571, 573–74 (Tex. 2006)). The party alleging ineffective service of process has the burden to prove same by a preponderance of the evidence. ***Gallagher v. Mira Vista Homeowners Ass'n, Inc.***, No. 14-20-00297-CV, 2022 WL 1281532, at *4 (Tex. App.—Houston [14th Dist.] Apr. 29, 2022, no pet.) (mem. op.); ***Sozanski***, 394 S.W.3d at 604. The mere testimony of a plaintiff denying that he was served, without evidence of facts or circumstances corroborating same, is not sufficient to overcome the presumption that the process server's affidavit is correct and does not meet the movant's burden of proof. ***Gallagher***, 2022 WL 1281532 at *4; *see also* ***Primate Constr. Inc.***, 884 S.W.2d at 152 ("The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party."); ***Seaprints, Inc. v. Cadleway Properties, Inc.***, 446 S.W.3d 434, 440 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("[A] plaintiff's bare denial that he was served is inadequate to carry his burden in the face of a valid return of service."). In the context of a motion for new trial, the question of whether a party was properly served with process is purely a question of fact to be determined by the factfinder. ***Gallagher***, 2022 WL 1281532 at *4 (citing ***Ward v. Nava***, 488 S.W.2d 736, 738 (Tex. 1972)).

**Analysis**

We first address Appellants' assertion that the returns of service in this case fail to comply with Texas Rule of Civil Procedure 107 because the notary public whose signature and seal appears thereon, Laure Bruner, is the spouse of Ken Bruner. It appears Appellants argue that, because Laure Bruner is allegedly married to the process server, she had some personal or financial interest in the affidavits of service and was therefore disqualified from notarizing same.[1] The rule requires, in relevant part, that a return of service signed by a person "other than a sheriff, constable, or clerk of the court" must either be "verified" or signed under penalty of perjury. TEX. R. CIV. P. 107(e). Verification, for purposes of Rule 107, means an acknowledgement of an instrument before a notary public. *Goodman v. Wachovia Bank, Nat. Ass'n*, 260 S.W.3d 699, 703 (Tex. App.—Dallas 2008, no pet.).

The record before us does not disclose the nature of any relationship between Ken Bruner and Laure Bruner. Notably, Appellants admit "[t]here are no specific facts in the record to support" this assertion, but claim "[i]t is common knowledge in Anderson County, Texas that Laure Bruner is the spouse of Ken Bruner." Courts may take judicial notice of facts that are common knowledge, but the scope of such notice is limited, including only "those facts which are so patently obvious and so well known to the community generally, that there can be no question or dispute concerning their existence." *Brune v. Brown Forman Corp.*, 758 S.W.2d 827, 830 (Tex. App.—Corpus Christi 1988, writ denied). "For instance, there can be no dispute that there are twelve inches in a foot, that the sun rises in the morning, or even that a person drinking alcoholic beverages will become intoxicated." *Id.* at 831. Appellants do not cite, and we do not find, any Texas jurisprudence indicating that the existence of a marital relationship between two individuals is a matter of common knowledge. "If any doubt exists as to whether a matter is a fact of general knowledge, it should be resolved in the negative." *Johnson v. Cooper*, 379 S.W.2d 396, 399 (Tex. Civ. App.—Fort Worth 1964).

Even if we were to accept as fact that Laure Bruner is the spouse of Ken Bruner, the record does not disclose the nature or extent of any pecuniary or beneficial interest attributable to her. Moreover, Appellants present no argument or analysis to support their assertion that the wife

---

[1] Phipps argues that Appellants failed to preserve error on this point by failing to raise the issue before the trial court. However, a defendant may raise a complaint of defective service for the first time on appeal following a no-answer default judgment and need not have raised same in a motion for new trial. *Lee Hoffpauir, Inc. v. Kretz*, 431 S.W.3d 776, 780 (Tex. App.—Austin 2014, no pet.).

of a process server necessarily has a disqualifying interest in an affidavit of service that would bar her from notarizing same. Indeed, the available case law would appear to suggest an opposite finding. Although "one who is an interested party to an instrument may be disqualified from functioning as a notary public," Texas courts have determined that the fact that a notary is employed by a party to a transaction does not alone disqualify her from notarizing an affidavit. *Great N. Energy, Inc. v. Circle Ridge Prod., Inc.*, 528 S.W.3d 644, 657 n.10 (Tex. App.—Texarkana 2017, pet. denied) (citing *Terrell v. Chambers*, 630 S.W.2d 800, 802 (Tex. App.—Tyler 1982, writ ref'd)); *Dir., Dallas Cnty. Child Welfare v. Thompson*, 667 S.W.2d 282, 283 (Tex. App.—Dallas 1984, no pet.). Similarly, a political candidate's wife was held to lack any disqualifying financial interest in affidavits authenticating signatures on the candidate's nominating petition, even though the election of her husband would impact his salary, which would be community property. *Kessler v. Raines*, 566 S.W.2d 333, 335 (Tex. Civ. App.—Dallas 1978). For the foregoing reasons, we decline to find the verification of the affidavits of service invalid or otherwise defective.

We now turn to Appellants' broad assertion that they were never served. The record contains two affidavits of service, one for the Funeral Home and one for Emanuel, both filed on February 21, 2023. In these affidavits, the process server attests that on February 13, 2023, at 4:35 p.m., he received copies of the citation and the original petition for service, and on February 20, 2023, at 10:08 a.m., he personally served each Appellant with a copy of the citation and the original petition at a specific address in Palestine, Texas. The affidavit includes the cause number, case name, and the court in which the case was filed; it also contains the process server's notarized signature and certification number. Therefore, we conclude that the affidavits strictly comply with the requirements set forth in Rule 107. TEX. R. CIV. P. 107(b), (e); *see Dunlap v. Trois*, No. 04-19-00488-CV, 2020 WL 7633952, at *2 (Tex. App.—San Antonio Dec. 23, 2020, no pet.) (mem. op.). The returns are prima facie evidence that service took place, and the recitals therein create a presumption that service was performed. *See Sozanski*, 394 S.W.3d at 604. Other than Emanuel's general assertion that he was not served either individually or on behalf of the Funeral Home, Appellants do not point to any evidence to rebut the presumption of service or corroborate their denial of service. Accordingly, we conclude Appellants were properly served with process, and the trial court did not abuse its discretion in denying Appellants' motion for new trial. We overrule Appellants' sole issue.

5

<u>**DISPOSITION**</u>

Having overruled Appellants' sole issue, we ***affirm*** the judgment of the trial court.

<u>**BRIAN HOYLE**</u>
Justice

Opinion delivered February 7, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

FEBARUY 7, 2024

NO. 12-23-00202-CV

**EMMANUEL FUNERAL HOME AND RAY CHARLES EMANUEL,**
Appellant
V.
**PHIPPS MEMORIAL COMPANY, LTD.,**
Appellee

Appeal from the 349th District Court
of Anderson County, Texas (Tr.Ct.No. DCCV23-3767-349)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*